## SUPREME COURT — SPECIAL TERM — ALBANY COUNTY.

### February, 1923.

## THE PEOPLE EX REL. URSOY v. SUPERINTENDENT OF N. Y. STATE TRAINING SCHOOL FOR GIRLS.

#### (120 Misc. 353.)

HABEAS CORPUS—PRACTICE—STATE INSTITUTIONS—WRIT MUST BE RE-
TURNABLE BEFORE SUPREME COURT IN COUNTY WHERE PERSON DETAINED.

Under section 1239 of the Civil Practice Act a writ of habeas corpus
directed to the superintendent of the New York State Training School
for Girls at Hudson, N. Y., where the relator is detained, must be
made returnable before a justice of the Supreme Court in Columbia
county or before the county judge of that county.

Where, therefore, the writ was made returnable at a Special Term of
the Supreme Court held in the county of Albany, the writ will be dis-
missed upon the preliminary objection of the attorney-general that
relator had failed to comply with section 1239 of the Civil Practice
Act.

WRIT of habeas corpus.

*Charles Irving Oliver,* for relator.

*Carl Sherman, Attorney-General (William M. Cahill,* of
counsel), for respondent.

STALEY, J.:

A writ of habeas corpus issued here on February 19, 1923,
was returnable before a Special Term of the Supreme Court,
held in the city of Albany on February 24, 1923. The New
York State Training School for Girls at Hudson, N. Y., is an
institution situate in the county of Columbia.

The attorney-general appeared upon the return of the writ
and moves to dismiss the proceeding upon the preliminary

objection that the relator has failed to comply with section 1239 of the Civil Practice Act which provides as follows: " All writs of habeas corpus directed to the agent and warden of a state prison, or the superintendent, manager or board of managers of a State institution, *must* be made returnable before a justice of the Supreme Court, or a county judge in the county in which the prisoner is detained.    If at the time there is no such official in the county capable of acting the writ shall be made returnable before the nearest accessible Supreme Court or county judge in an adjoining county."

The learned attorney-general contends that the writ must be made returnable before a justice of the Supreme Court or a county judge in the county in which the prisoner is detained, if there be such capable of acting.    The court takes judicial notice of the fact that the county of Columbia has a county judge, who is presumed to be capable of acting in this matter.

The respondent urges that this provision of the Civil Practice Act is unconstitutional, for the reason that the right to a writ of habeas corpus is beyond legislative control or limitation.

The case of People ex rel. Whitman v. Woodward (150 App. Div. 180), the latest authority, so far as I have been able to find, dealing with a determination of this question, holds that a statute providing that a person detained in the jail of a county upon a criminal charge, shall not be removed therefrom by writ of habeas corpus, unless such writ shall have been issued by or returnable before the Supreme Court then in session in such county, is a valid enactment.

I regard this case as controlling authority upon the question raised upon the preliminary objection of the attorney-general, and an order may, therefore, be entered dismissing the proceeding, without costs.

Writ dismissed.