STATE *v.* BALLARD.

4-7755        190 S. W. 2d 522

Opinion delivered November 26, 1945.

*Guy E. Williams,* Attorney General, and *Oscar E. Ellis, Assistant Attorney General,* for appellant.

*Chas. F. Cole,* for appellee.

McHaney, J. The sole question presented by this appeal is the jurisdiction of the Independence chancery court, or the judge thereof, to issue a writ of *habeas corpus* directed to the Superintendent of the Training School for Girls, commanding said superintendent to have the body of Agnes B. Misenheimer before him on a certain day therein named, and then and there state in writing the term and cause of her imprisonment, and to show authority for so doing.

The Arkansas Training School for Girls is located in Saline county, wholly outside the territorial jurisdiction of the judge of the Independence chancery court. Independence county is in the Eighth Chancery District and Saline county is in the Third Chancery District. Of these facts this court takes judicial knowledge.

On the petition of appellee the judge of Independence chancery court issued the writ to said superintendent and made it returnable before himself. On the day named, the Attorney General, acting for the state and the superintendent, appeared without the prisoner and demurred to the jurisdiction. The demurrer was overruled, the petition was heard and the prisoner was discharged. This appeal followed.

We think the question is settled by the plain provisions of our statutes on the subject. By § 6347 of Pope's Digest, it is provided that, ''The writ of *habeas corpus* shall be issued upon proper application by the following officers: By a judge of the Supreme or of any chancery court during the sitting of their respective courts, or in vacation. The power of the Supreme, circuit or chancery courts to issue writs of *habeas corpus* shall be co-extensive with the state. . . .''. So it will be seen that the judge of the Independence chancery court had the power to issue the writ directed to a person in whose custody a prisoner is detained anywhere in the state. But by § 6354 it is provided: ''The writ shall be directed to the person in whose custody the prisoner is detained, and made returnable, as soon as may be, before the Supreme, circuit or chancery judge of the county in which it may be

served, if either be within the county. The writ shall specify the time and place to which it shall be returned."

The return on the writ shows that it was served "on Mrs. Goodman, superintendent of Girls Industrial School at Collegeville, Saline county," by the sheriff of Saline county. Under the above statute the writ should have been made returnable to either the circuit or chancery judge of the circuit or district in which Saline county is located, and not to the judge of the Independence chancery court.

In *Click* v. *Click,* 98 W. Va. 419, 127 S. E. 194, a case quite similar to this, the court held that the circuit court of one county may issue a writ of *habeas corpus* directed to a resident of another county not in the same circuit, but that the writ should be made returnable before the circuit court of such other county, or judge thereof in vacation, unless such judge or court is not available. The statute there provided: "The writ shall be directed to the person in whose custody the petitioner is detained, and made returnable, as soon as may be, before the court or judge ordering same, or any other of the said courts or judges." Code W. Va., c. III, § 2. Our statute above quoted is much more restrictive, as it very definitely requires the writ to be made returnable to one of the named judges "of the county in which it may be served, if either be within the county." Definitely it cannot be made returnable to the issuing judge, if the writ is directed to a person in a county outside the territorial jurisdiction of such judge. To the same effect, see *People ex rel. Ursoy* v. *Superintendent of New York State Training School of Girls at Hudson, N. Y.,* 120 Misc. 353, 198 N. Y. Supp. 432; and *State* v. *Glenn,* 54 Md. 572.

It follows, from what we have said, that the judge of the Independence chancery court had the power to issue the writ, but did not have the power to make it returnable before himself or to try and determine the issue raised by the petition. If it be conceded that the commitment of the prisoner is void, as appellee contends, even so, the power to hear and determine its validity and to discharge the petitioner is in another jurisdiction.

400

The judgment is, therefore, affirmed as to the issuance of the writ and in all other respects it is reversed and the cause remanded, with leave to petitioner to have another writ issued and made returnable as herein directed.