JOHNSON v. McCLURE.

5-1537                                    312 S. W. 2d 347

Opinion delivered April 21, 1958.

*Robinson, Sullivan & Rosteck,* for appellant.

*Van Johnson,* for appellee.

MINOR W. MILLWEE, Associate Justice. The question presented is the jurisdiction of a judge of the Pulaski Chancery Court to issue and make returnable before himself a writ of *habeas corpus* where the real party defendants are residents of a county in another chancery district.

L. P. Johnson and wife resided in Pulaski County, Arkansas with their two minor children for some time prior to February, 1957, when Johnson was convicted of murdering his wife and sentenced to a term in the state penitentiary. On February 12, 1957, the Juvenile Court of Pulaski County issued an order placing the two children in the home of their maternal aunt, Florene McClure, in Texarkana, Miller County, Arkansas. This order was set aside by the court October 4, 1957, upon the petition of its probation officer with a finding that the children were well adjusted and receiving good care in the home of Florene McClure, the only person who came forward and requested their custody.

On October 11, 1957, L. P. Johnson together with his brother Ralph W. Johnson and the latter's wife filed a petition for a writ of *habeas corpus* in the Pulaski Chancery Court against Florene McClure, Percy Brown, Carl Adams, Director of the State Department of Public Welfare, and Mary Burt Nash, Referee of the

Pulaski County Juvenile Court. The petition alleged that Florene McClure and Percy Brown were holding the two children in Miller County illegally and unable to support them; and that the writ should issue to establish custody of the children in Ralph Johnson and wife whose residence was not disclosed. The writ was made returnable to the Pulaski Chancery Court and served upon Carl Adams and Mary Burt Nash in Pulaski County and upon Florene McClure and Percy Brown in Miller County. There was no allegation in the petition concerning any interest the State Department of Public Welfare might have in the proceeding and it filed no pleadings therein. The Referee of the Pulaski County Juvenile Court filed a response stating that court had relinquished custody of the children under the order of October 4, 1957.

Appellees, Florene McClure and Percy Brown (grandfather of the children), filed their motion to quash the writ of *habeas corpus* on the ground that it was made returnable to the Pulaski Chancery Court contrary to the provisions of Ark. Stats., Sec. 34-1710. The separate answer of Florene McClure denied the children were in her custody while the answer of Percy Brown admitted he had such custody and further stated that the Probate Court of Miller County had granted him temporary letters of guardianship of said children. This appeal is from the order of the Pulaski Chancery Court sustaining the motion to quash and dismissing appellant's petition for writ of *habeas corpus* for want of jurisdiction.

While appellants argue that Ark. Stats., Sec. 34-201, makes it mandatory that any action against the Director of the State Department of Public Welfare be brought and prosecuted in Pulaski County, they make no allegation of any interest he might have in the proceeding and he has claimed none. It is clear from the pleadings that he and the Referee of the Juvenile Court of Pulaski County are only nominal or theoretical party defendants to the instant suit and have no interest in it. The real contest for custody of the two minor children is between the appellants and the appellees, Florene McClure and

Percy Brown, who are residents of Miller County, Arkansas, and had actual custody of the children when this suit was instituted.

In these circumstances the chancellor correctly concluded that the writ was erroneously made returnable to the Pulaski Chancery Court under Sec. 34-1710, *supra*. This statute provides that the writ of *habeas corpus* shall be directed to the person in whose custody the prisoner is detained and made returnable before the supreme, circuit or chancery judge of the county in which it may be served. In construing it we have held that a writ of *habeas corpus* cannot be made returnable to the issuing judge if it is directed to a county outside the territorial jurisdiction of such judge. *State* v. *Ballard,* 209 Ark. 397, 190 S. W. 2d 522. While the judge of the Pulaski Chancery Court had the power to issue the instant writ, he did not have the power to make it returnable before himself or to determine the custody issue raised in the petition. In the absence of any request that the writ be made returnable to the proper court, the chancellor correctly sustained the motion to quash, and the decree is affirmed.

ROBINSON, J., not participating.