The STATE DEPARTMENT of PUBLIC
WELFARE et al *v.* Lula Mae Stracner LIPE, as
mother and next friend of
Michael Stracner, a minor

74-357                                521 S.W. 2d 526

Opinion delivered April 21, 1975

*Monroe L. Bethea,* for appellants.

*R. W. Laster,* for appellee.

GEORGE ROSE SMITH, Justice. This is a petition for a writ of habeas corpus filed by the appellee, Lula Mae Stracner Lipe, as the mother and next friend of Michael Stracner, a minor born January 26, 1956. The defendants are the State Department of Public Welfare and the Arkansas Children's Colony Board, the latter now designated as the Arkansas Board of Mental Retardation. Ark. Stat. Ann. § 59-1003 (Repl. 1971). The petition alleges that Michael is unlawfully detained in custody at the Children's Colony, in Conway.

The petition was filed in the Pulaski Circuit Court and was presented to Judge William J. Kirby. Judge Kirby issued a writ of habeas, directed to the above named defendants and returnable to himself. The defendants objected to the proceedings, on the ground that the writ should have been made returnable to the circuit court of Faulkner county, where Michael is detained. The trial court overruled that objection and ultimately entered a final order finding that Michael had been improperly committed to the Children's Colony. The order directed that Michael be released "to the custody of Lula Mae Stracner Lipe, mother and next friend."

The defendants were right in their objection to the court's jurisdiction. The Pulaski circuit court had jurisdiction to issue the writ, it is true; but that jurisdiction did not rest, as the appellee argues, upon the statute fixing Pulaski county as the venue for actions against State officers. Ark. Stat. Ann. § 27-603 (Repl. 1962). Instead, the court's jurisdiction was proper under the statute which provides that the Supreme, circuit, or chancery court's power to issue writs of habeas corpus shall be coextensive with the State. Ark. Stat. Ann. § 34-1702 (Repl. 1962). In *State* v. *Ballard*, 209 Ark. 397, 190 S.W. 2d 522 (1945), we relied upon that statute in sustaining the Independence chancery court's authority to issue the writ, even though it was directed to the custodian of a person in Saline county.

The question here, however, is where the writ should have been made returnable. The statute provides that the writ is to be directed "to the person in whose custody the prisoner is detained, and made returnable . . . before the Supreme, circuit or chancery judges of the county in which it

may be served." Ark. Stat. Ann. § 34-1710. Hence the controlling question is the identity of "the person in whose custody the prisoner is detained."

We construe the statute to mean the person, usually an officer of some sort, having physical custody of the prisoner. "Habeas corpus," literally translated, means, "You have the body." In the few cases in which the issue has arisen, the courts have stressed physical custody in determining venue. *Gibson* v. *Wood*, 209 Ga. 535, 74 S.E. 2d 456 (1953); *McBurnett* v. *Warren*, 208 Ga. 225, 66 S.E. 2d 49 (1951); *Love* v. *Love*, 188 Kan. 185, 360 P. 2d 1061 (1961); *Logan* v. *Rankin*, 230 Miss. 749, 94 So. 2d 330 (1957).

Our statutes seem to be based upon that point of view, which has obvious practical advantages. The person having custody of the prisoner may be designated merely by the name of his office, if any. § 34-1711. Service is to be on the person to whom the writ is directed, "or, in his absence from the place where the prisoner is confined, on the person having him in immediate custody." § 34-1713. The language just quoted suggests that the person to whom the writ is directed will ordinarily be found at "the place where the prisoner is confined." Neither the officers of the State Department of Public Welfare nor the members of the Board of Mental Retardation (who are appointed by Congressional districts, § 59-1004) would ordinarily be found at the Children's Colony, in Conway. We conclude that the Superintendent of the Arkansas Children's Colony, a position created by statute, §§ 59-1101 and 59-1113, best fits the statutory designation of the person in whose custody Michael is detained. It may be observed that the same approach was followed by the litigants in the *Ballard* case, *supra*, where the writ was directed to the Superintendent of the Training School for Girls, which fixed the venue in Saline county.

It is appropriate for us to add, in the hope of avoiding needless litigation, that this habeas corpus proceeding is *not* one for the determination of custodial rights as between Michael's parents. It simply tests the legality of his detention at the Children's Colony. The issue of custody has been repeatedly before the Pope chancery court, where it originally

arose in the parents' divorce case brought in 1967, when Michael was 11. If the Faulkner circuit court finds the Colony's detention to be illegal, custody will be determined by the prior orders of the Pope chancery court. Under our law the circuit court is not the proper forum for the determination of child custody, which often gives rise to litigation extending over many years, as conditions change. That jurisdiction is vested in the chancery courts.

Reversed and remanded for further proceedings.