Willie Ray MACKEY *v.* A. L. LOCKHART, Director of
the Arkansas Department of Correction

91-213                                              819 S.W.2d 702

Supreme Court of Arkansas
Opinion delivered November 25, 1991

*Q. Byrum Hurst, Jr.*, for appellant.

*Winston Bryant*, Att'y Gen., *Clementine Infante*, Asst.

Att'y Gen., for appellee.

ROBERT H. DUDLEY, Justice. In 1982, the appellant was found guilty of first degree murder and sentenced to life imprisonment. We affirmed. *Mackey* v. *State*, 279 Ark. 307, 651 S.W.2d 82 (1983). In 1985, the appellant filed a petition in this court to proceed for post-conviction relief under A.R.Cr.P. Rule 37. We denied the petition. *Mackey* v. *State*, 286 Ark. 189, 690 S.W.2d 353 (1985). In 1991, the appellant, who remains in the penitentiary, filed a petition in the Circuit Court of Garland County for a writ of habeas corpus alleging that A. L. Lockhart, the Director of the Department of Correction, was unlawfully detaining him. The summons reflected that Lockhart was in Pine Bluff, which is in Jefferson County. The Circuit Court of Garland County had jurisdiction to determine whether the writ should be issued, *State Department of Public Welfare* v. *Lipe*, 257 Ark. 1015, 521 S.W.2d 526 (1975), although it did not have jurisdiction to determine whether the prisoner, who is in another county, should be released. *Johnson* v. *McClure*, 228 Ark. 1081, 312 S.W.2d 347 (1958). The Circuit Court of Garland County refused to issue the writ of habeas corpus. We affirm.

A habeas corpus proceeding does not afford a prisoner an opportunity to retry his case. A writ of habeas corpus will not be issued to correct errors or irregularities that occurred at trial. The remedy in such a case is direct appeal. *Birchett* v. *State*, 303 Ark. 220, 795 S.W.2d 53 (1990). A writ of habeas corpus will not be issued as a substitute for post-conviction relief. Rather, the writ of habeas corpus will be issued only when the commitment is invalid on its face or the committing court lacked jurisdiction. *Wallace* v. *Willock*, 301 Ark. 69, 781 S.W.2d 478 (1989). The petitioner must plead either the facial invalidity or the lack of jurisdiction and make a "showing, by affidavit or other evidence, [of] probable cause to believe" he is so detained. Ark. Code Ann. § 16-112-103 (1987). A hearing is not required if the petition does not allege either of the bases of relief proper in a habeas proceeding, *George* v. *State*, 285 Ark. 84, 685 S.W.2d 141 (1985), and, even if a cognizable claim is made, the writ does not have to be issued unless probable cause is shown. Ark. Code Ann. § 16-112-103 (1987).

The petition in this case stated (1) that the court that

convicted him of murder, the Circuit Court of Garland County, did not have jurisdiction of the case because there was no proof that the murder occurred in Garland County; (2) that he had not been charged with first degree murder, the crime of which he was convicted; (3) that petitioner's due process rights were violated because he was convicted based on certain hearsay testimony; (4) that a violation of petitioner's right to secure witnesses had occurred at the trial; and (5) that petitioner had been illegally arrested. The appellant caused a summons to be issued, but never caused it to be served on appellee Lockhart. Instead, the Attorney General entered Lockhart's appearance and contested the issuance of the writ. Both parties attached exhibits to their pleadings. *See* Ark. Code Ann. § 16-112-103 (1987).

Here, only one of the allegations provides a cognizable basis for a writ of habeas corpus, and that is the allegation the Circuit Court of Garland County lacked jurisdiction to try the appellant. The core of this allegation is that the scientific evidence gathered during the police investigation was inconclusive about where the murder occurred.

■■ "The State is not required to prove jurisdiction or venue unless evidence is admitted that affirmatively shows that the court lacks jurisdiction or venue." Ark. Code Ann. § 5-1-111(b) (1987). The State is thus presumed to have jurisdiction. *See Holt* v. *State*, 281 Ark. 210, 662 S.W.2d 822 (1984). Further, the State attached as an exhibit to its response eyewitness testimony from the original trial that affirmatively proved the murder occurred in Garland County. The appellant offered no countervailing affidavit or exhibit. Thus, the trial court correctly held that there was no reasonable basis to question the trial court's exercise of jurisdiction in appellant's trial for murder.

Finally, the appellant argues that pursuant to *Coplen* v. *State*, 298 Ark. 272, 766 S.W.2d 612 (1989) and *George* v. *State*, 285 Ark. 84, 685 S.W.2d 141 (1985), he was entitled to a hearing because he stated a cognizable claim for relief. Neither case sustains appellant's argument. In *George* we wrote: "While our statutory habeas corpus scheme contemplates a hearing in the event a writ is issued, we find nothing *requiring* a hearing be given any petitioner regardless of the content of the petition." 285 Ark. at 84, 685 S.W.2d at 142 (emphasis added). In *Coplen, supra*, we

denied relief and cited *George* v. *State, supra.*

Affirmed.