John R. LUKACH *v.* STATE of Arkansas

CR 07-67                                      255 S.W.3d 832

Supreme Court of Arkansas
Opinion delivered April 26, 2007

Appellant, pro se.

No response.

PER CURIAM. In 1991, appellant John R. Lukach was charged with three counts of rape and one count of burglary. The counts were severed for trial. In the first trial, appellant was convicted of the two counts of rape and sentenced to two concurrent terms of life imprisonment. We affirmed. *Lukach v. State*, 310 Ark. 119, 835 S.W.2d 852 (1992). In the second trial, appellant was convicted of rape and burglary and was sentenced to life imprisonment and twenty years. We also affirmed that judgment. *Lukach v. State*, 310 Ark. 38, 834 S.W.2d 642 (1992).

In 2005, appellant, who was incarcerated in Lee County, filed a pro se petition for writ of habeas corpus in the circuit court of Hot Spring County, which was denied on December 15, 2005. Appellant appealed to this court from the December 15, 2005 order. The State moved to dismiss the appeal on the ground that appellant had failed to file a brief that complied with the rules of this court. The motion was granted on November 30, 2006. *Lukach v. State*, CR06-699 (Ark. Nov. 30, 2006) (per curiam order).

On September 20, 2006, while the appeal was in progress, appellant filed a motion for reconsideration of the habeas petition

in Hot Spring County Circuit Court. The motion for reconsideration was denied, and appellant has now lodged an appeal in this court from the circuit court's order denying the motion.

Appellant timely tendered his brief on March 1, 2007, but it was returned for correction. The brief was again tendered on March 15, 2007, and again returned for correction. Appellant was advised that, because he had already been given one opportunity to file a corrected brief, he must submit a motion to file belated brief with the corrected brief. On April 2, 2007, the State filed a motion to dismiss the appeal, and, on April 6, 2007, appellant filed a pro se motion to file belated brief and pro se motion for appointment of counsel. As it is clear the appeal is without merit, it is dismissed. The motions are moot.

This court has consistently held that an appeal from the denial of postconviction relief will not be permitted to go forward when it is clear that the appellant could not prevail. *Pardue v. State*, 338 Ark. 606, 999 S.W.2d 198 (1999) (per curiam); *Seaton v. State*, 324 Ark. 236, 920 S.W.2d 13 (1996) (per curiam); *Harris v. State*, 318 Ark. 599, 887 S.W.2d 514 (1994) (per curiam); *Reed v. State*, 317 Ark. 286, 878 S.W.2d 376 (1994) (per curiam).

A copy of the original petition for writ of habeas corpus is not included in the record for the instant appeal, but we can take judicial notice of the habeas petition contained in the record lodged on appeal from the December 15, 2005 order. Appellant indicated in the petition that he was not in custody within the jurisdiction of the Hot Spring County Circuit Court when he filed the petition. Any petition for writ of habeas corpus to effect the release of a prisoner is properly addressed to the circuit court in the county in which the prisoner is held in custody, unless the petition is filed pursuant to Act 1780 of 2001.[1] Arkansas Code Annotated § 16-112-105 (1987) requires that the writ be directed to the person in whose custody the petitioner is detained. Although a circuit court may have subject-matter jurisdiction to issue the writ, a court does not have personal jurisdiction to issue and make returnable before itself a writ of habeas corpus to release a

---

[1] Act 1780 of 2001, as amended by Act 2250 of 2005, and codified at Ark. Code Ann. §§ 16-112-201 – 207 (Repl. 2006), provides that a writ of habeas corpus can issue based upon new scientific evidence proving a person actually innocent of the offense or offenses for which he or she was convicted. Appellant did not contend in the petition filed in the trial court that he was entitled to relief under the act.

petitioner held in another county. *See, e.g., Pardue, supra; State Depart. of Public Welfare v. Lipe,* 257 Ark. 1015, 521 S.W.2d 526 (1975); *Johnson v. McClure,* 228 Ark. 1081, 312 S.W.2d 347 (1958); *State v. Ballard,* 209 Ark. 397, 190 S.W.2d 522 (1945).

■ As appellant was not in custody in Hot Spring County when he filed the petition in the circuit court, the circuit court did not have personal jurisdiction over appellant to effect his release from custody. *See Mackey v. Lockhart,* 307 Ark. 321, 819 S.W.2d 702 (1991). As a result, the circuit court did not have jurisdiction to grant relief on the original petition for writ of habeas corpus and could not have erred when it declined to grant relief on the motion for reconsideration.

Appeal dismissed; motions moot.