Cite as 2013 Ark. 336

# SUPREME COURT OF ARKANSAS

No. CV-11-777

| | | |
|---|---|---|
| | | **Opinion Delivered** September 19, 2013 |
| MARCUS LEWIS | APPELLANT | PRO SE APPEAL FROM THE LEE COUNTY CIRCUIT COURT, 39CV-11-76, HON. RICHARD L. PROCTOR, JUDGE |
| V. | | |
| STATE OF ARKANSAS | APPELLEE | |
| | | AFFIRMED. |

## PER CURIAM

In 1997, appellant Marcus Lewis was convicted of murder in the first degree and battery in the third degree in the Faulkner County Circuit Court, and he was sentenced to serve a total of 720 months' imprisonment. The Arkansas Court of Appeals affirmed. *Lewis v. State*, CA CR 98-635 (Ark. App. Oct. 6, 1999) (unpublished). Subsequently, appellant filed a pro se petition for relief pursuant to Arkansas Rule of Criminal Procedure 37.1 (1997) based on a claim of ineffective assistance of counsel, and the trial court denied the petition.

On May 20, 2011, appellant filed a pro se petition for writ of habeas corpus in the Lee County Circuit Court, the county in which he was imprisoned.[1] In the petition, appellant alleged that his due-process rights were violated based on the constructive denial of counsel, prosecutorial misconduct, and judicial abuse of discretion. The circuit court found the allegations to be without merit and dismissed the petition, and appellant brings this appeal. We find no error and affirm.

---

[1]At the time of this decision, appellant remains incarcerated in Lee County.

SLIP OPINION

We note that appellant failed to direct his petition to the proper party. Arkansas Code Annotated section 16-112-105 (Repl. 2006) requires that certain procedural requirements be met by a petitioner seeking a court to issue a writ of habeas corpus. The writ must be directed to the person in whose custody the prisoner is detained. *Borum v. State*, 2011 Ark. 415 (per curiam); *State Dep't of Pub. Welfare v. Lipe*, 257 Ark. 1015, 521 S.W.2d 526 (1975). Such person having custody of the prisoner may be designated in the petition by either their name or office. Ark. Code Ann. § 16-112-105(c)(1). Thus, by naming the State of Arkansas as the appellee, appellant failed to direct the writ to the custodian of his person.

On appeal, appellant first claims that he is "actually innocent." Apparently based on arguments also raised in his Rule 37.1 petition, appellant then contends that he is entitled to habeas relief based on ineffective assistance of counsel. In an apparent attempt to present an argument based on prosecutorial misconduct, appellant next summarily states that he has presented proof of a *Brady* violation based on the State's failure to call a material witness. *See Brady v. Maryland*, 373 U.S. 83, 87 (1963) ("[T]he suppression by the prosecution of evidence favorable to the accused upon request violates due process where the evidence is material to guilt or punishment, irrespective of the good faith or bad faith of the prosecution."). Finally, appellant summarily refers to judicial abuse of discretion as grounds for habeas relief.

A writ of habeas corpus is only proper when a judgment of conviction is invalid on its face or when a circuit court lacked jurisdiction over the cause. *Girley v. Hobbs*, 2012 Ark. 447 (per curiam); *Abernathy v. Norris*, 2011 Ark. 335 (per curiam). The burden is on the petitioner in a habeas-corpus petition to establish that the trial court lacked jurisdiction or that the

commitment was invalid on its face; otherwise, there is no basis for a finding that a writ of habeas corpus should issue. *Young v. Norris*, 365 Ark. 219, 226 S.W.3d 797 (2006) (per curiam). Under our statute, a petitioner who does not allege his actual innocence must plead either the facial invalidity or the lack of jurisdiction by the trial court and make a showing by affidavit or other evidence of probable cause to believe that he is illegally detained. Ark. Code Ann. § 16-112-103(a)(1) (Repl. 2006); *Murry v. Hobbs*, 2013 Ark. 64 (per curiam).

A purely conclusory allegation with no facts to establish the merit of the claim is not grounds for a writ of habeas corpus. *Washington v. Norris*, 2010 Ark. 104 (per curiam). To the extent that appellant has stated his allegations with sufficient specificity, his arguments are without merit.

A claim of actual innocence does not question the jurisdiction of the court or the facial validity of the judgment and commitment order.[2] *Hooper v. Hobbs*, 2013 Ark. 31 (per curiam). Further, even assuming that appellant stated an argument for relief based on prosecutorial misconduct and judicial abuse of discretion, this contention has no merit as these allegations do not call into question the trial court's jurisdiction or the facial validity of the judgment-and-commitment order. Assertions of trial error and due-process claims do not implicate the facial validity of the judgment or the jurisdiction of the trial court. *Hill v. State*, 2013 Ark. 143 (per curiam); *Bliss v. Hobbs*, 2012 Ark. 315 (per curiam); *see also Tryon v. Hobbs*, 2011 Ark. 76 (per

---

[2]Additionally, a petitioner who seeks a writ of habeas corpus and alleges actual innocence must do so in accordance with Act 1780 of 2001 Acts of Arkansas, codified as Arkansas Code Annotated sections 16-112-201 to -208 (Repl. 2006). Ark. Code Ann. § 16-112-103(a)(2) (Repl. 2006). Appellant did not seek to invoke Act 1780 in his petition.

curiam) (Due process and prosecutorial misconduct are matters of trial error not cognizable in a habeas proceeding.).

With respect to appellant's contention that he was denied effective assistance of counsel, this court has consistently held that allegations of ineffective assistance of counsel are not cognizable in a habeas proceeding. *Hooper*, 2013 Ark. 31; *McHaney v. Hobbs*, 2012 Ark. 361 (per curiam); *Robinson v. State*, 2012 Ark. 356 (per curiam); *Smith v. Hobbs*, 2012 Ark. 360 (per curiam); *Hill v. State*, 2012 Ark. 309 (per curiam); *McConaughy v. Lockhart*, 310 Ark. 686, 840 S.W.2d 166 (1992). A habeas-corpus proceeding does not afford a prisoner a means to revisit the merits of matters that could have been addressed, and settled, in the trial court, on appeal, or in a postconviction proceeding. *Murphy v. State*, 2013 Ark. 155 (per curiam); *Hooper*, 2013 Ark. 31.

Because appellant has failed to show that the judgment of conviction was invalid on its face or that the trial court lacked jurisdiction, the circuit court properly determined that the writ should not issue. Thus, we affirm the denial of appellant's petition.

Affirmed.

*Marcus Lewis*, pro se appellant.

*Dustin McDaniel*, Att'y Gen., by: *Ashley Argo Priest*, Ass't Att'y Gen., for appellee.

SLIP OPINION