SLIP OPINION

Cite as 2013 Ark. 342

# SUPREME COURT OF ARKANSAS

No. CR-13-303



|  |  |
|---|---|
| GARY DWAYNE COOPER<br>APPELLANT<br><br>V.<br><br>RAY HOBBS, DIRECTOR, ARKANSAS<br>DEPARTMENT OF CORRECTION<br>APPELLEE | Opinion Delivered September 19, 2013<br><br>PRO SE MOTION FOR BELATED APPEAL [GARLAND COUNTY CIRCUIT COURT, 26CR-06-358, 26CR-06-494, HON. JOHN HOMER WRIGHT, JUDGE]<br><br>APPEAL DISMISSED; MOTION TREATED AS MOTION TO FILE BELATED BRIEF MOOT. |

## PER CURIAM

In 2006, appellant Gary Dwayne Cooper entered a plea of guilty in the Garland County Circuit Court to two counts of rape. An aggregate sentence of 360 months' imprisonment was imposed.

In 2013, appellant filed a pro se petition for writ of habeas corpus in the trial court in Garland County. When the petition was filed, appellant was incarcerated at a unit of the Arkansas Department of Correction located in Hot Spring County. The trial court found no merit to the petition and denied it. Appellant lodged an appeal from that order in this court, and now before us is appellant's motion, which he styled as a motion for belated appeal. As the motion seeks to file a belated brief, it is treated as such.

The appeal is dismissed, and the motion is moot. An appeal of the denial of postconviction relief, including an appeal from an order that pertained to a petition for writ of habeas corpus, will not be permitted to go forward where it is clear that the appellant could not prevail. *See Williams v. Norris*, 2012 Ark. 30 (per curiam).

A petition for writ of habeas corpus is properly addressed to the circuit court in the county in which the petitioner is held in custody, unless the petition is filed pursuant to Act 1780 of 2001, as amended by Act 2250 of 2005 and codified as Arkansas Code Annotated sections 16-112-201 to -208 (Repl. 2006). *Borum v. State*, 2011 Ark. 415 (per curiam). Arkansas Code Annotated section 16-112-105 requires that certain procedural requirements be met by a petitioner asking a court to issue a writ of habeas corpus. The writ must be directed to the person in whose custody the prisoner is detained. *Id.* Additionally, the writ should be issued by a court that has personal jurisdiction over the defendant. *Wilencewicz v. Hobbs*, 2012 Ark. 230 (per curiam).

In the present matter, appellant was in the custody of the Arkansas Department of Correction at the Ouachita River Unit in Hot Spring County when he filed the petition in Garland County. As appellant's petition for writ of habeas corpus was not filed pursuant to Act 1780, the Garland County Circuit Court did not have personal jurisdiction to issue and make returnable a writ of habeas corpus because petitioner was not in custody within the court's jurisdiction. *See Wilencewicz*, 2012 Ark. 230; *see also Watts v. Norris*, 2009 Ark. 473 (per curiam); *Lukach v. State*, 369 Ark. 475, 255 S.W.3d 832 (2007) (per curiam). The writ could not have been directed to a custodian with immediate physical custody of the prisoner to effect the release of the prisoner. *See Borum*, 2011 Ark. 415; *Watts*, 2009 Ark. 473; *see also State Dep't of Pub. Welfare v. Lipe*, 257 Ark. 1015, 521 S.W.2d 526 (1975); *Johnson v. McClure*, 228 Ark. 1081, 312 S.W.2d 347 (1958); *State v. Ballard*, 209 Ark. 397, 190 S.W.2d 522 (1945). Accordingly, appellant could not succeed on appeal from the order.



Appeal dismissed; motion treated as motion to file belated brief moot.

*Gary Dwayne Cooper*, pro se appellant.

No response.