SLIP OPINION

# SUPREME COURT OF ARKANSAS

No. CR-13-363

| | | |
|---|---|---|
| | | **Opinion Delivered** October 3, 2013 |
| DEVONTAE RIVERS | APPELLANT | APPELLEE'S MOTION TO DISMISS APPEAL; APPELLANT'S PRO SE MOTIONS TO FILE BELATED BRIEF AND FOR WAIVER OF ADDENDUM REQUIREMENT [MISSISSIPPI COUNTY CIRCUIT COURT, CHICKASAWBA DISTRICT, 47CR-11-146, HON. BARBARA HALSEY, JUDGE] |
| V. | | |
| STATE OF ARKANSAS | APPELLEE | |
| | | APPELLEE'S MOTION TO DISMISS APPEAL GRANTED; APPELLANT'S MOTION TO FILE BELATED BRIEF AND FOR WAIVER OF ADDENDUM REQUIREMENT MOOT. |

**PER CURIAM**

In August 2012, appellant Devontae Rivers entered a plea of guilty in the Mississippi County Circuit Court, Chickasawba District, to multiple felony offenses for which he was sentenced to an aggregate term of 420 months' imprisonment. On February 5, 2013, 169 days after the judgment was entered, appellant filed in the trial court a pro se petition for writ of habeas corpus and a pro se motion to rescind the plea agreement that he entered when he pled guilty. The trial court denied both pleadings in one order,[1] and appellant lodged an appeal here from the order. The appellee State now asks that the appeal be dismissed for appellant's failure to submit a brief. After the State filed the motion, appellant filed a motion to file a belated brief

---

[1]In the order, the trial court also denied appellant's motions to amend the habeas petition and to proceed as an indigent.



and a motion seeking to file a brief without an addendum.

We grant the State's motion to dismiss the appeal, not merely on the ground that appellant failed to file a brief, but also on the ground that it is clear from the record that appellant could not prevail on appeal. Appellant's motions are moot. An appeal from an order that denied a petition for postconviction relief, including an appeal from an order that pertained to a petition for writ of habeas corpus, will not be permitted to go forward where it is clear that the appellant could not prevail. *See Williams v. Norris*, 2012 Ark. 30 (per curiam); *see also Watson v. State*, 2012 Ark. 27 (per curiam); *Riddell v. State*, 2012 Ark. 11 (per curiam).

With respect to the habeas petition, appellant was not within the jurisdiction of the trial court when he filed the petition. A petition for writ of habeas corpus is properly addressed to the circuit court in the county in which the petitioner is held in custody, unless the petition is filed pursuant to Act 1780 of 2001, as amended by Act 2250 of 2005 and codified as Arkansas Code Annotated sections 16-112-201 to -208 (Repl. 2006). *Borum v. State*, 2011 Ark. 415 (per curiam). Arkansas Code Annotated section 16-112-105 requires that certain procedural requirements be met by a petitioner asking a court to issue a writ of habeas corpus. The writ must be directed to the person in whose custody the prisoner is detained. *Id.* Additionally, the writ should be issued by a court that has personal jurisdiction over the defendant. *Wilencewicz v. Hobbs*, 2012 Ark. 230 (per curiam).

In the present matter, appellant was in the custody of the Arkansas Department of Correction at the East Arkansas Regional Unit in Lee County when he filed the petition. As appellant's petition for writ of habeas corpus was not filed pursuant to Act 1780, the trial court

in Mississippi County did not have personal jurisdiction to issue and make returnable a writ because petitioner was not incarcerated within that court's jurisdiction. *See Watts v. Norris*, 2009 Ark. 473 (per curiam); *see also Lukach v. State*, 369 Ark. 475, 255 S.W.3d 832 (2007) (per curiam).

As to appellant's motion to rescind the plea of guilty, it was not timely filed. Regardless of the label placed on a pleading, a pleading that seeks postconviction relief is governed by the provisions of our postconviction rule, Arkansas Rule of Criminal Procedure 37.1. *Bell v. State*, 2011 Ark. 379 (per curiam) (citing *Lewis v. State*, 2011 Ark. 176 (per curiam)); *Wright v. State*, 2011 Ark. 356 (per curiam).

Because appellant's convictions stemmed from a guilty plea, he was required to file a Rule 37.1 petition within ninety days from the entry of judgment reflecting that plea. Ark. R. Crim. P. 37.2(c)(i) (2012). The ninety-day period in appellant's case elapsed on November 18, 2012. Appellant filed his postconviction pleading on February 5, 2013. The time limitations imposed in Rule 37.2(c) are jurisdictional in nature, and, if they are not met, a trial court lacks jurisdiction to grant postconviction relief. *Wright*, 2011 Ark. 356; *Holloway v. State*, 2010 Ark. 42 (per curiam) (citing *Maxwell v. State*, 298 Ark. 329, 767 S.W.2d 303 (1989)). Petitioner did not proceed with a timely petition, and, thus, the trial court did not have jurisdiction to consider it. *Wright*, 2011 Ark. 356.

Appellee's motion to dismiss appeal granted; appellant's motions to file belated brief and for waiver of addendum requirement moot.

*Devontae Rivers*, pro se appellant.

*Dustin McDaniel*, Att'y Gen., by: *David R. Raupp*, Sr. Ass't Att'y Gen., for appellee.