

Cite as 2013 Ark. 419

# SUPREME COURT OF ARKANSAS

No. CR–13–189

| | |
|---|---|
| | **Opinion Delivered** October 24, 2013 |
| JEROME MERAZ<br>APPELLANT | |
| | PRO SE MOTION TO APPOINT<br>COUNSEL [CARROLL COUNTY<br>CIRCUIT COURT, EASTERN<br>DISTRICT, 08CR-07-61, HON.<br>GERALD K. CROW, JUDGE] |
| v. | |
| STATE OF ARKANSAS<br>APPELLEE | |
| | APPEAL DISMISSED; MOTION<br>MOOT. |

**PER CURIAM**

In 2008, appellant Jerome Meraz entered a negotiated plea of guilty in the Carroll County Circuit Court, Eastern District, to charges of first-degree stalking, kidnapping, residential burglary, and misdemeanor theft of property. He was sentenced as a habitual offender to an aggregate term of 720 months' imprisonment. In 2012, appellant filed in the Carroll County Circuit Court a pro se petition for writ of habeas corpus under Arkansas Code Annotated sections 16-112-101 to –123 (Repl. 2006). The circuit court denied the petition, and appellant lodged an appeal from the order in this court.

Now before us is appellant's motion to appoint counsel. Because it is clear that appellant could not prevail on appeal, we dismiss the appeal, and the motion is therefore moot. An appeal from an order that denied a petition for postconviction relief, including an appeal from an order that denied a petition for writ of habeas corpus, will not be permitted to go forward where it is clear that the appellant could not prevail. *Roberson v. State*, 2013

Ark. 75 (per curiam).

Any petition for writ of habeas corpus is properly addressed to the circuit court in the county in which the petitioner is held in custody, unless the petition is filed pursuant to Act 1780 of 2001, in which case the petition is properly filed in the court in which the conviction was entered.[1] *Wilencewicz v. Hobbs*, 2012 Ark. 230 (per curiam). Arkansas Code Annotated section 16-112-105 requires that certain procedural requirements be met by a petitioner asking a court to issue a writ of habeas corpus. The writ must be directed to the person in whose custody the prisoner is detained. Ark. Code Ann. § 16-112-105 (b)(1). Additionally, the writ should be issued by a court that has personal jurisdiction over the defendant. *Borum v. State*, 2011 Ark. 415 (per curiam). Otherwise, although a court may have subject-matter jurisdiction to issue the writ, a court does not have personal jurisdiction to issue and make returnable before itself a writ of habeas corpus where the petitioner is in another county. *See, e.g., State Dep't of Pub. Welfare v. Lipe*, 257 Ark. 1015, 521 S.W.2d 526 (1975); *Johnson v. McClure*, 228 Ark. 1081, 312 S.W.2d 347 (1958); *State v. Ballard*, 209 Ark. 397, 190 S.W.2d 522 (1945).

In the present matter, the address provided by appellant indicates that he was incarcerated at a facility in Lexington, Oklahoma, when he filed the petition, and public records of the Arkansas Department of Correction confirm that appellant is not incarcerated

---

[1] Act 1780 of 2001, as amended by Act 2250 of 2005, and codified at Ark. Code Ann. §§ 16-112-201 to -207 (Repl. 2006), provides that a writ of habeas corpus can issue based upon new scientific evidence proving a person actually innocent of the offense or offenses for which he or she was convicted. Appellant did not invoke Act 1780 in his petition for writ of habeas corpus.

at a facility within Carroll County. As appellant was not in custody in Carroll County when he filed his petition, the circuit court did not have personal jurisdiction to effect his relief from custody. *See Mackey v. Lockhart*, 307 Ark. 321, 819 S.W.2d 702 (1991). Therefore, we decline to address the merits of appellant's arguments and dismiss the appeal.

Appeal dismissed; motion moot.

*Jerome Meraz*, pro se appellant.

*Dustin McDaniel*, Att'y Gen., by: *LeaAnn J. Adams*, Ass't Att'y Gen., for appellee.

SLIP OPINION