SLIP OPINION

# SUPREME COURT OF ARKANSAS

No. CV-14-112



|  |  |  |
|---|---|---|
| ROBERT J. FORTIER | APPELLANT | **Opinion Delivered**    May 8, 2014 |
|  |  | PRO SE APPELLANT'S MOTION FOR EXTENSION OF TIME TO FILE BRIEF |
| v. |  | [LINCOLN COUNTY CIRCUIT COURT, NO. 40CV-13-102] |
| RAY HOBBS, DIRECTOR, ARKANSAS DEPARTMENT OF CORRECTION |  | HONORABLE JODI RAINES DENNIS, JUDGE |
|  | APPELLEE | <u>APPEAL DISMISSED; MOTION MOOT.</u> |

**PER CURIAM**

On December 6, 2011, an order was entered in the Benton County Circuit Court reflecting that appellant Robert J. Fortier had violated the terms of probation in Case No. 04CR-08-782 and had been sentenced to 300 months' imprisonment in the Arkansas Department of Correction ("ADC") to run concurrently with a sentence of 300 months' imprisonment imposed in a federal case. The order further stated that appellant was released into the custody of the United States Marshall to serve the federal sentence.

On December 15, 2011, judgment was entered in Case No. 04CR-10-1434 reflecting that appellant had entered a plea of guilty to rape, sexual assault in the second degree, and theft of property. An aggregate term of 300 months' imprisonment was imposed.

In 2013, appellant, who was incarcerated at a unit of the Arkansas Department of Correction located in Lincoln County, filed a pro se petition for writ of habeas corpus in the

Lincoln County Circuit Court.[1] In the petition, he complained that, despite the December 6, 2011order placing him in the custody of the United States Marshall, he had been returned to the ADC on the Arkansas judgments. He argued that the writ should issue on the ground that his return to Arkansas to serve his sentence in the ADC rendered the commitment in Case No. 04CR-10-1434 invalid on its face and that he should be transferred to the Federal Bureau of Prisons. The circuit court denied the habeas petition, and appellant lodged an appeal of that order in this court. Now before us is appellant's motion for extension of time to file his brief-in-chief.

We dismiss the appeal, and the motion is moot inasmuch as it is clear from the record that appellant could not prevail on appeal. An appeal of the denial of postconviction relief, including an appeal from an order that denied a petition for writ of habeas corpus, will not be permitted to go forward where it is clear that the appeal is without merit. *Davis v. Hobbs*, 2014 Ark. 45 (per curiam); *Lukach v. State*, 369 Ark. 475, 255 S.W.3d 832 (2007) (per curiam).

A writ of habeas corpus is proper only when a judgment of conviction is invalid on its face or when a trial court lacked jurisdiction over the cause. *Glaze v. Hobbs*, 2013 Ark. 458 (per curiam); *Davis v. Reed*, 316 Ark. 575, 873 S.W.2d 524 (1994). The burden is on the petitioner in a habeas-corpus petition to establish that the trial court lacked jurisdiction or that the judgment-and-commitment order was invalid on its face; otherwise, there is no basis for a finding that a writ of habeas corpus should issue. *Young v. Norris*, 365 Ark. 219, 226 S.W.3d 797 (2006) (per curiam). The petitioner must plead either the facial invalidity or the lack of jurisdiction and

---

[1]As of the date of this opinion, appellant remains incarcerated in Lincoln County.

make a "showing by affidavit or other evidence [of] probable cause to believe" that he is illegally detained. *Id.* at 221, 226 S.W.3d at 798.

The allegations raised by appellant did not call into question the trial court's jurisdiction. Jurisdiction is the power of the court to hear and determine the subject matter in controversy. *Bliss v. Hobbs*, 2012 Ark. 315 (per curiam). The fact that appellant was incarcerated in the ADC did not show that the trial court in his case did not have subject-matter jurisdiction to hear and determine cases involving violations of criminal statutes.

With respect to the argument that the judgment-and-commitment order entered in the case was facially invalid because appellant was serving the sentence in the ADC, the judgment-and-commitment order states that the sentence will be served in the ADC. (The federal judgment, a copy of which appellant appended to his habeas petition, contains no reference to the Arkansas charges.) The December 6, 2011 order releasing appellant to the custody of the United States Marshall to serve the federal sentence did not invalidate the judgment-and-commitment order in the Arkansas case, and a habeas proceeding was not the proper remedy to effect appellant's removal to the federal penitentiary. When a petitioner in a habeas proceeding fails to raise a claim within the purview of a habeas action, the petitioner fails to meet his burden of demonstrating a basis for a writ of habeas corpus to issue. *Benton v. Hobbs*, 2013 Ark. 385 (per curiam); *Henderson v. White*, 2011 Ark. 361 (per curiam). Appellant clearly did not meet his burden, and, therefore, he could not prevail on appeal. *See Glaze*, 2013 Ark. 458.

Appeal dismissed; motion moot.

*Robert J. Fortier*, pro se appellant.

No response.