SLIP OPINION



# SUPREME COURT OF ARKANSAS

No. CR-13-422

| | |
|---|---|
| | Opinion Delivered June 26, 2014 |
| MICHAEL LEE JONES, JR. APPELLANT | PRO SE APPEAL FROM THE CRAWFORD COUNTY CIRCUIT COURT [NO. 17CR-05-601] |
| V. | |
| STATE OF ARKANSAS APPELLEE | HONORABLE MICHAEL MEDLOCK, JUDGE |
| | APPEAL DISMISSED. |

## PER CURIAM

In 2013, appellant Michael Lee Jones, Jr., who was incarcerated at a unit of the Arkansas Department of Correction in Hot Spring County, filed a pro se petition for writ of habeas corpus in the Crawford County Circuit Court.[1] The circuit court denied the petition, and appellant brings this appeal. The appeal is dismissed because appellant was not within the jurisdiction of the Crawford County Circuit Court when he filed the petition or when it was denied.

A petition for writ of habeas corpus is properly addressed to the circuit court in the county in which the petitioner is held in custody, unless the petition is filed pursuant to Act 1780 of 2001, as amended by Act 2250 of 2005 and codified at Arkansas Code Annotated sections 16-112-201 to -208 (Repl. 2006). *Lukach v. Hobbs*, 2014 Ark. 106 (per curiam). Arkansas Code

---

[1]In 2007, appellant entered a plea of guilty in the Crawford County Circuit Court to murder in the first degree and was sentenced as a habitual offender to 300 months' imprisonment. An additional 300-month term of imprisonment was suspended.

Annotated section 16-112-105 requires that certain procedural requirements be met by a petitioner asking a court to issue a writ of habeas corpus. The writ must be directed to the person in whose custody the prisoner is detained. *Id.* Additionally, the writ is properly issued by a court that has personal jurisdiction over the defendant. *Watts v. State*, 2013 Ark. 25 (per curiam) (citing *Wilencewicz v. Hobbs*, 2012 Ark. 230 (per curiam)).

In the present matter, appellant was in the custody of the Arkansas Department of Correction at the Ouachita River Unit in Hot Spring County when he filed the petition, and he remains in custody at that unit. As appellant's petition for writ of habeas corpus was not filed pursuant to Act 1780, the Crawford County Circuit Court did not have personal jurisdiction to issue and make returnable a writ of habeas corpus for a petitioner in Hot Spring County. *See Wilencewicz*, 2012 Ark. 230; *see also Watts v. Norris*, 2009 Ark. 473 (per curiam); *Lukach v. State*, 369 Ark. 475, 255 S.W.3d 832 (2007) (per curiam). The writ could not be directed to a custodian with immediate physical custody of the prisoner to effect the release of the prisoner. *See Borum v. State*, 2011 Ark. 415 (per curiam); *Watts*, 2009 Ark. 473; *see also State Dep't of Pub. Welfare v. Lipe*, 257 Ark. 1015, 521 S.W.2d 526 (1975); *Johnson v. McClure*, 228 Ark. 1081, 312 S.W.2d 347 (1958); *State v. Ballard*, 209 Ark. 397, 190 S.W.2d 522 (1945). When the circuit court lacks jurisdiction, the appellate court also lacks jurisdiction. *See Paige v. State*, 2013 Ark. 135 (per curiam). Accordingly, the appeal is dismissed.

Appeal dismissed.

*Michael Lee Jones, Jr.,* pro se appellant.

*Dustin McDaniel*, Att'y Gen., by: *Eileen W. Harrison*, Ass't Att'y Gen., for appellee.