Cite as 2014 Ark. 334

# SUPREME COURT OF ARKANSAS

No. CR-14-314

|  |  |
|---|---|
| | **Opinion Delivered** July 31, 2014 |
| KEDRICK TREVON DARROUGH, SR.<br>APPELLANT | APPELLEE'S MOTION TO DISMISS APPEAL, OR ALTERNATIVELY, MOTION TO STAY BRIEF TIME [DREW COUNTY CIRCUIT COURT, NO. 22CR-05-66] |
| V. | |
| STATE OF ARKANSAS<br>APPELLEE | HONORABLE ROBERT BYNUM GIBSON, JR., JUDGE |
| | MOTION TO DISMISS APPEAL GRANTED. |

## PER CURIAM

In 2006, appellant Kedrick Trevon Darrough, Sr., was found guilty by a jury in the Drew County Circuit Court of possession of cocaine with intent to deliver and possession of marijuana with intent to deliver. Under an enhancement for a subsequent controlled-substance conviction, he was sentenced to 840 months' and 240 months' imprisonment to be served consecutively. The Arkansas Court of Appeals affirmed. *Darrough v. State*, CR-07-223 (Ark. App. Oct. 24, 2007) (original docket no. CACR 07-223). He then timely filed in the trial court a verified pro se petition pursuant to Arkansas Rule of Criminal Procedure 37.1 (2006). The trial court denied the petition, and this court affirmed. *Darrough v. State*, CR-08-357 (Oct. 23, 2008) (unpublished per curiam).

On February 24, 2014, appellant, who is incarcerated at a prison facility in Lee County, filed in the Drew County Circuit Court a pro se petition for writ of habeas corpus pursuant to Act 1780 of 2001, as amended by Act 2250 of 2005 and codified at Arkansas Code Annotated sections 16-112-201 to -208 (Repl. 2006). The trial court denied the petition, finding that it

contained no allegations that the judgment in appellant's case imposed an illegal sentence or was illegal on its face or that the trial court lacked jurisdiction in the case. Appellant timely lodged an appeal in this court from the order, and the appellee now asks that the appeal be dismissed on the ground that the habeas petition stated no ground for relief that would invest jurisdiction in the trial court to consider it.

The appellee's motion is granted inasmuch as it is clear from the record that appellant could not prevail on appeal. An appeal from an order that denied a petition for postconviction relief, including an appeal from an order pertaining to a petition for writ of habeas corpus, will not be permitted to go forward where it is clear that the appellant could not succeed on appeal. *See Fortier v. Hobbs*, 2014 Ark. 209 (per curiam).

In his petition, appellant first alleged that there was scientific evidence to demonstrate that he was actually innocent of the offenses of which he was convicted, but he made no statement as to the nature of the scientific evidence. He also alleged that his sentence was illegal on the ground that it was not subject to enhancement because he was a first-time offender.

Act 1780 of 2001, as amended by Act 2250 of 2005, in effect on the date that appellant filed his petition, provides that a writ of habeas corpus can issue based on new scientific evidence proving a person actually innocent of the offense for which he was convicted. Ark. Code Ann. § 16-112-201; *Ferrell v. State*, 2014 Ark. 242 (per curiam); *King v. State*, 2013 Ark. 133 (per curiam). Here, appellant failed to state that there was any specific evidence to be tested. For that reason, the petition was wholly without merit if considered pursuant to sections 16-112-201 to -208.

The appellee notes that the allegation in the petition that the sentence was illegal could have been considered under Arkansas Code Annotated sections 16-112-101 to -123 (Repl. 2006). Under sections 16-112-101 to -123, a petition for writ of habeas corpus can be filed on the ground that a judgment of conviction is invalid on its face or that the trial court lacked jurisdiction over the cause. *Strong v. Hobbs*, 2013 Ark. 376 (per curiam). If appellant intended for his petition in which he alleged that the sentence imposed on him was illegal to be a petition under that statute, his petition should have been filed in Lee County where he was in custody.

Arkansas Code Annotated section 16-112-105 requires that certain procedural requirements be met by a petitioner asking a court to issue a writ of habeas corpus, including the requirement that the writ must be directed to the person in whose custody the prisoner is detained. Ark. Code Ann. § 16-112-105(b)(1). Additionally, the writ should be issued by a court that has personal jurisdiction over the defendant. *Meraz v. State*, 2013 Ark. 419 (per curiam); *Borum v. State*, 2011 Ark. 415 (per curiam). Otherwise, although a court may have subject-matter jurisdiction to issue the writ, a court does not have personal jurisdiction to issue and make returnable a writ of habeas corpus when the petitioner is in another county. *See, e.g.*, *State Dep't of Pub. Welfare v. Lipe*, 257 Ark. 1015, 521 S.W.2d 526 (1975); *Johnson v. McClure*, 228 Ark. 1081, 312 S.W.2d 347 (1958); *State v. Ballard*, 209 Ark. 397, 190 S.W.2d 522 (1945).

In the present matter, appellant was incarcerated in Lee County when he filed his petition, and the records of the Arkansas Department of Correction as of the date of this opinion indicate that he remains in that county. As appellant was not in custody in Drew County when he filed his petition there, the Drew County Circuit Court did not have personal

SLIP OPINION

jurisdiction to effect his relief from custody. *See Mackey v. Lockhart*, 307 Ark. 321, 819 S.W.2d 702 (1991). Therefore, if the habeas petition was intended to state a ground for relief under sections 16-112-101 to -123, this appeal is also subject to dismissal on the basis that the habeas petition was filed in the wrong court.

Motion to dismiss appeal granted.

*Kedrick Trevon Darrough, Sr.*, pro se appellant.

*Dustin McDaniel*, Att'y Gen., by: *Eileen W. Harrison*, Ass't Att'y Gen., for appellee.