SLIP OPINION

Cite as 2015 Ark. 303

# SUPREME COURT OF ARKANSAS

No. CV-14-1054

| | | |
|---|---|---|
| RICKY S. MAIER | | **Opinion Delivered** July 23, 2015 |
| | APPELLANT | |
| V. | | PRO SE MOTION TO AMEND AND PRO SE APPEAL FROM THE LEE COUNTY CIRCUIT COURT [NO. 39CV-14-15] |
| STATE OF ARKANSAS | | |
| | APPELLEE | HONORABLE L.T. SIMES II, JUDGE |
| | | AFFIRMED; MOTION MOOT. |

## PER CURIAM

Appellant Ricky S. Maier filed a petition for writ of habeas corpus in Lee County Circuit Court, and the circuit court denied it. Maier is an inmate who was then and is now incarcerated in the Arkansas Department of Correction ("ADC") in Lee County.[1] He appeals the circuit court's order denying the petition, raising three points on appeal. After submitting his brief, Maier also filed a motion in which he seeks to amend his habeas petition to name the current director of the ADC rather than the State of Arkansas as the respondent to the petition.[2] We affirm the circuit court's order finding that the petition was without merit, and the motion is therefore moot.

---

[1]The Arkansas Court of Appeals affirmed a judgment reflecting Maier's 1998 convictions for rape and incest and an aggregate sentence of 600 months' imprisonment. *Maier v. State*, CR-98-1079 (Ark. App. Apr. 7, 1999) (unpublished).

[2]The writ must be directed to the person in whose custody the prisoner is detained. *State Dep't of Pub. Welfare v. Lipe*, 257 Ark. 1015, 521 S.W.2d 526 (1975); *see also Lewis v. State*, 2013 Ark. 336 (per curiam) (affirming where the circuit court properly determined that the writ should not issue).

A circuit court's grant or denial of habeas relief will not be reversed unless the court's findings are clearly erroneous. *Hobbs v. Gordon*, 2014 Ark. 225, 434 S.W.3d 364. A finding is clearly erroneous when, although there is evidence to support it, the appellate court is left, after reviewing the entire evidence, with the definite and firm conviction that a mistake has been committed. *Id.*

Under our statute, a petitioner for the writ who does not allege his actual innocence and proceed under Act 1780 of 2001 Acts of Arkansas must plead either the facial invalidity of the judgment or the lack of jurisdiction by the trial court and make a showing by affidavit or other evidence of probable cause to believe that he is illegally detained. Ark. Code Ann. § 16-112-103(a)(1) (Repl. 2006). The burden is on the petitioner in proceedings for a writ of habeas corpus to establish that the trial court lacked jurisdiction or that the commitment was invalid on its face; otherwise, there is no basis for a finding that a writ of habeas corpus should issue. *Fields v. Hobbs*, 2013 Ark. 416.

Maier's arguments on appeal reassert those in his petition for the writ. He first asserts that the circuit court erred in failing to find that the trial court lost jurisdiction when Maier's attorney admitted to what Maier characterizes as a conflict of interest. Maier's second claim is similar; he alleges that his sentence is illegal because the trial court did not make an appropriate inquiry into the alleged conflict. Allegations of counsel's conflict of interest, however, are not cognizable claims for the writ. *Clem v. Hobbs*, 2011 Ark. 311 (per curiam), citing *Lee v. State*, 2009 Ark. 255, 308 S.W.3d 596.

Maier's final point on appeal alleges that he was entitled to habeas relief because the

Arkansas Court of Appeals did not follow the required procedure for a no-merit appeal. He contends that he was deprived of due process as a consequence of this procedural error on appeal. Claims pertaining to due process also are not sufficient to implicate the facial validity of the judgment or the jurisdiction of the trial court. *See Griffis v. Hobbs*, 2015 Ark. 121, 458 S.W.3d 703 (per curiam); *see also Birchett v. State*, 303 Ark. 220, 795 S.W.2d 53 (1990).

Affirmed; motion moot.

*Ricky S. Maier*, pro se appellant.

*Leslie Rutledge*, Att'y Gen., by: *Brad Newman*, Ass't Att'y Gen., for appellee.

SLIP OPINION