Cite as 2018 Ark. 14

# SUPREME COURT OF ARKANSAS

No. CV-17-623

| | |
|---|---|
| JOE PERRY, JR.         APPELLANT | **Opinion Delivered** January 18, 2018 |
| V. | PRO SE MOTION FOR BELATED BRIEF [CHICOT COUNTY CIRCUIT COURT, NO. 09CV-17-16] |
| STATE OF ARKANSAS         APPELLEE | APPEAL DISMISSED; MOTION MOOT. |

**JOHN DAN KEMP, Chief Justice**

Appellant Joe Perry, Jr., who is currently incarcerated at a unit of the Arkansas Department of Correction located in Jefferson County, filed a pro se petition for writ of habeas corpus in the Chicot County Circuit Court.[1]  Perry filed his petition for writ of habeas corpus pursuant to Arkansas Code Annotated sections 16-112-101 to -123 (Repl. 2016).  The circuit court denied the habeas petition, finding Perry's petition contained no allegations that his judgment-and-commitment order imposed an illegal sentence or was invalid on its face, or that the trial court lacked jurisdiction.  Perry has lodged an appeal from the denial of relief and has now filed a motion seeking to file a belated brief on appeal. We need not consider the merits of the motion because it is clear from the record that Perry cannot prevail on appeal.  We dismiss the appeal, and Perry's motion is moot. An appeal from an order that denied a petition for postconviction relief, including an appeal from an

---

[1]At the time Perry filed his habeas petition, he was incarcerated in Chicot County.

order that denied a petition for a writ of habeas corpus, will not be permitted to go forward where it is clear that the appellant could not prevail. *Williams v. Kelley*, 2017 Ark. 198. Any petition for writ of habeas corpus to effect the release of a prisoner is properly addressed to the circuit court in which the prisoner is held in custody, unless the petition is filed pursuant to Act 1780. *See* Ark. Code Ann. §§ 16-112-201 to -208 (Repl. 2016). Although a circuit court may have subject–matter jurisdiction to issue the writ, a court does not have personal jurisdiction to issue and make returnable before itself a writ of habeas corpus to release a petitioner held in another county. *Williams*, 2017 Ark. 198; s*ee Mackey v. Lockhart*, 307 Ark. 321, 819 S.W.2d 702 (1991). Arkansas Code Annotated section 16-112-105 (Repl. 2016) requires that the writ be directed to the person in whose custody the petitioner is detained. *See State Dep't of Pub. Welfare v. Lipe*, 257 Ark. 1015, 1017, 521 S.W.2d 526, 528 (1975) ("[T]he controlling question is the identity of the person in whose custody the prisoner is detained.").

Perry did not invoke Act 1780. Accordingly, although Perry was incarcerated in Chicot County at the time he filed the habeas petition, a writ of habeas corpus issued by the Chicot County Circuit Court could not be returned, as he is no longer within its jurisdiction.[2]

Appeal dismissed; motion moot.

HART, J., dissents.

---

[2]The circuit court denied relief in an order file-marked on April 3, 2017. At the time Perry filed his notice of appeal and request for transcript on May 1, 2017, Perry indicated he was incarcerated in Jefferson County.

**JOSEPHINE LINKER HART, Justice, dissenting.** In Mr. Perry's case, the only thing that is pending before this court is Mr. Perry's motion to file a belated brief. According to our rules, Mr. Perry has not yet perfected his appeal; therefore, it is not appropriate to decide his appeal on the merits. Furthermore, while it is permissible for this court to dismiss Mr. Perry's appeal because he did not timely file his brief, it is most certainly not proper to dismiss his appeal on the merits and declare the motions "moot."

Mr. Perry's petition for a writ of habeas corpus was denied by the Chicot County Circuit Court on April 4, 2017. Mr. Perry timely filed a notice of appeal on May 1, 2017. He timely lodged the record in this court on July 25, 2017, which gave us jurisdiction. According to Arkansas Supreme Court Rule 4-4, Mr. Perry was required to file his brief within 40 days of having lodged the record, which means no later than September 5, 2017.

Mr. Perry failed to file his brief on or before September 5, 2017. The above-referenced motion for an extension of time to file his brief was not filed with this court until October 3, 2017. While I am mindful that it is problematic for incarcerated persons to file legal material, according to the attestation on Mr. Perry's motion, the motion was not even ready for mailing until September 28, 2017. Furthermore, the only "facts" asserted in Mr. Perry's motion was that he turned over his "legal mail" to a prison official on September 15, 2017. Based on the foregoing, it would be proper—and constitutional—for this court to dismiss Mr. Perry's appeal.

It may be true that the correct disposition of Mr. Perry's case is dismissal. However, when we disregard our rules, the resulting decision is not the product of the rule of law.

3

Due process is the keystone to legitimacy. Without due process, our criminal justice system would be no better than a lynch mob.

I respectfully dissent.