SLIP OPINION

Cite as 2014 Ark. 494

# SUPREME COURT OF ARKANSAS

No. CV-14-799

| | |
|---|---|
| | **Opinion Delivered** November 20, 2014 |
| MARK ANTONIO WILLIAMS<br>APPELLANT | PRO SE APPELLANT'S MOTION FOR A COPY OF THE RECORD [LINCOLN COUNTY CIRCUIT COURT, NO. 40CV-14-15] |
| V. | |
| RAY HOBBS, DIRECTOR, ARKANSAS DEPARTMENT OF CORRECTION | HONORABLE JODI RAINES DENNIS, JUDGE |
| APPELLEE | APPEAL DISMISSED; MOTION MOOT. |

## PER CURIAM

On April 9, 2014, appellant Mark Antonio Williams, who is incarcerated at a unit of the Arkansas Department of Correction located in Lincoln County, filed a pro se petition for writ of habeas corpus in the Lincoln County Circuit Court.[1] The petition arose from appellant's 2008 conviction in the Chicot County Circuit Court for rape in Case No. 09CR-07-60. Appellant argued in the petition that, while the offense was committed in Chicot County, he entered his plea of guilty to the charge in Desha County, which made the sentence imposed illegal. He also contended that the Arkansas State Crime Laboratory did not complete DNA testing in the case.

The circuit court denied the habeas petition, and appellant lodged an appeal from that order in this court. Now before us is appellant's motion for a copy of the record for the appeal. We dismiss the appeal, and the motion is moot inasmuch as it is clear from the record that appellant could not prevail on appeal. An appeal of the denial of postconviction relief, including

---

[1] As of the date of this opinion, appellant remains incarcerated in Lincoln County.

SLIP OPINION

an appeal from an order that denied a petition for writ of habeas corpus, will not be permitted to go forward where it is clear that the appeal is without merit. *Chance v. Hobbs*, 2014 Ark. 400, ___ S.W.3d ___ (per curiam).

A writ of habeas corpus is proper only when a judgment of conviction is invalid on its face or when a trial court lacked jurisdiction over the cause. *Glaze v. Hobbs*, 2013 Ark. 458 (per curiam); *Davis v. Reed*, 316 Ark. 575, 873 S.W.2d 524 (1994). The burden is on the petitioner in a habeas-corpus petition to establish that the trial court lacked jurisdiction or that the judgment-and-commitment order was invalid on its face; otherwise, there is no basis for a finding that a writ of habeas corpus should issue. *Young v. Norris*, 365 Ark. 219, 226 S.W.3d 797 (2006) (per curiam). The petitioner must plead either the facial invalidity or the lack of jurisdiction and make a "showing by affidavit or other evidence [of] probable cause to believe" that he is illegally detained. *Id.* at 221, 226 S.W.3d at 798.

Here, appellant did not show by affidavit or other evidence that he was illegally detained. The only documentation for the petition was a copy of the judgment entered in the Chicot County Circuit Court on March 31, 2008, reflecting that appellant had entered a plea of guilty and been sentenced to 420 months' imprisonment. The notation on the judgment concerning a change of venue is marked, "N/A" (not applicable). There is nothing on the face of the judgment to indicate that the Chicot County Circuit Court did not have subject-matter jurisdiction to hear and determine cases involving violations of criminal statutes or to establish that the judgment-and-commitment order entered in the case was facially invalid. Again, it was appellant's burden to establish with proof that the court lacked jurisdiction in the matter or that the judgment was invalid on its face. He did not meet that burden.

SLIP OPINION

With respect to appellant's claim that the DNA testing in his case was incomplete, if there was a challenge to be made to the plea of guilty based on the claim, that challenge could have been settled in the trial court. When a defendant enters a plea of guilty, the plea is his or her trial. *Coleman v. State*, 2011 Ark. 308 (per curiam) (citing *Crockett v. State*, 282 Ark. 582, 669 S.W.2d 896 (1984)). A habeas-corpus proceeding does not afford a convicted defendant an opportunity to retry his case. *Tolefree v. State*, 2014 Ark. 26 (per curiam); *see also Wesson v. Hobbs*, 2014 Ark. 285 (per curiam). Appellant has not shown that the alleged lack of DNA testing in his case implicated the facial validity of the judgment or the jurisdiction of the trial court. *See Girley v. Hobbs*, 2012 Ark. 447 (per curiam).

When a petitioner in a habeas proceeding fails to substantiate a claim within the purview of a habeas action, the petitioner has failed to meet his burden of demonstrating a basis for a writ of habeas corpus to issue. *See Quezada v. Hobbs*, 2014 Ark. 396, ___ S.W.3d ___ (per curiam). Because appellant did not produce in his habeas petition the factual substantiation needed to support his allegation concerning the Chicot County Circuit Court's jurisdiction to establish a basis for the writ, he could not prevail on appeal. *See Glaze*, 2013 Ark. 458.

Appeal dismissed; motion moot.

*Mark Antonio Williams*, pro se appellant.

No response.