SLIP OPINION

Cite as 2017 Ark. 198

# SUPREME COURT OF ARKANSAS.

**No.** CV–17–126

| | |
|---|---|
| MARK ANTONIO WILLIAMS<br>APPELLANT<br><br>V.<br><br>WENDY KELLEY, DIRECTOR,<br>ARKANSAS DEPARTMENT OF<br>CORRECTION<br><br>APPELLEE | **Opinion Delivered** JUNE 1, 2017<br><br>PRO SE MOTION FOR EXTENSION<br>OF TIME TO FILE BRIEF<br>[LINCOLN COUNTY CIRCUIT<br>COURT, NO. 40CV-16-128]<br><br><br>APPEAL DISMISSED; MOTION<br>MOOT. |

**KAREN R. BAKER, Associate Justice**

In 2008, appellant Mark Antonio Williams negotiated a plea of guilty to rape and was sentenced to 420 months' imprisonment in the Arkansas Department of Correction. On March 28, 2017, Williams who is currently incarcerated at a unit of the Arkansas Department of Correction located in Lee County, filed a pro se petition for writ of habeas in the Lincoln County Circuit Court.[1] Williams argued that he was serving time for a crime he did not commit; that the Desha County Circuit Court lacked jurisdiction to take his plea because the crime occurred in Chicot County; that there was no DNA evidence admitted establishing that he committed the offense; and that the witness subpoenaed to testify did not testify during his plea hearing.[2] The Lincoln County Circuit Court dismissed Williams's

---

[1]At the time Williams filed his habeas corpus petition on November 18, 2016, Williams was incarcerated at a unit located in Lincoln County.

[2]Williams previously raised the claims that the offense was committed in Chicot County although he pleaded guilty in Desha County and that DNA testing was not

petition, finding that he failed to offer any evidence establishing probable cause that he is being held illegally, that the trial court lacked jurisdiction, or that the commitment was invalid on its face. Williams seeks to appeal the dismissal of his petition for writ of habeas corpus. Now before the court is Williams's motion for extension of time to file brief.

An appeal of the denial of postconviction relief, including an appeal from an order that denied a petition for writ of habeas corpus, will not be permitted to go forward when it is clear the appellant could not prevail. *See Justus v. State*, 2012 Ark. 91. Currently, Williams is incarcerated in Lee County. Regardless of where Williams was incarcerated at the time the petition was filed, a writ of habeas corpus issued by the Lincoln County Circuit Court could not be returned. *See State Department of Public Welfare v. Lipe*, 257 Ark. 1015, 521 S.W.2d 526 (1975) (the controlling question is the identity of the "the person in whose custody the prisoner is detained."). The dismissal of the appeal renders the motion moot.

Any petition for writ of habeas corpus to effect the release of a prisoner is properly addressed to the circuit court in which the prisoner is held in custody, unless the petition is filed pursuant to Act 1780. *See* Ark. Code Ann. §§ 16-112-201–207 (Repl. 2006). Arkansas

---

completed in a habeas corpus petition filed in Lincoln County in 2014, which was denied by the circuit court. The appeal was dismissed by this court. *Williams v. Hobbs*, 2014 Ark. 494 (per curiam). Williams failed to show by affidavit or other evidence that he was illegally detained because the only documentation attached to the petition was a copy of the judgment entered in Chicot County, reflecting a negotiated plea to rape on March 31, 2008. *Id*. Williams failed to establish that the face of the judgment was invalid. *Id*. Regarding the DNA claim, this court determined Williams could have settled the challenge in the trial court and that a habeas corpus proceeding does not afford a convicted defendant an opportunity to retry his case. *Id*. Williams failed to show that a lack of DNA testing implicated the facial invalidity of his judgment or the jurisdiction of the trial court. *Id*.

Code Annotated section 16-112-105 (1987) requires that the writ be directed to the person in whose custody the petitioner is detained. Although a circuit court may have subject-matter jurisdiction to issue the writ, a court does not have personal jurisdiction to issue and make returnable before itself a writ of habeas corpus to release a petitioner held in another county. *See Mackey v. Lockhart*, 307 Ark. 321, 819 S.W.2d 702 (1991). Because the Lincoln County Circuit Court is without jurisdiction to dictate Williams's release as Williams is not currently in that county, the appeal is dismissed. *Id.*

Appeal dismissed; motion moot.