Cite as 2018 Ark. 2

# SUPREME COURT OF ARKANSAS

No. CV–17–505

| | |
|---|---|
| WILLIE JAMES NOBLE<br><br>APPELLANT<br><br>V.<br><br>STATE OF ARKANSAS<br><br>APPELLEE | **Opinion Delivered** January 4, 2018<br><br>PRO SE APPEAL FROM THE LEE COUNTY CIRCUIT COURT<br>[NO. 39CV-17-60]<br><br>HONORABLE RICHARD L. PROCTOR, JUDGE<br><br>APPEAL DISMISSED. |

**KAREN R. BAKER, Associate Justice**

Appellant Willie James Noble brings this appeal from the order of the Lee County Circuit Court denying his pro se petition for writ of habeas corpus filed pursuant to Arkansas Code Annotated section 16-112-101 to -123 (Repl. 2016). Noble, who is incarcerated by virtue of a 2015 judgment of conviction for first-degree murder and committing multiple terroristic acts, argued that the writ should issue because the judgment entered in the trial court in his case was illegal. He based the claim on the ground that the trial court ordered a firearm enhancement to be served consecutively to the sentence imposed for first-degree murder. The appeal is dismissed because Noble is no longer incarcerated within the jurisdiction of the Lee County Circuit Court.

In its brief, the State correctly notes that Noble is now housed at a unit of the Arkansas Department of Correction (ADC) located in Pulaski County. In a reply brief tendered to this court on September 7, 2017, Noble gives his return address as the

Wrightsville Unit in Pulaski County, and the ADC's website also indicates that he is currently housed at that location.

Any petition for writ of habeas corpus to effect the release of a prisoner is properly addressed to the circuit court in which the prisoner is held in custody, unless the petition is filed pursuant to Act 1780. *See* Ark. Code Ann. §§ 16-112-201 to -207 (Repl. 2016). Noble did not proceed under Act 1780. Arkansas Code Annotated section 16-112-105 (Repl. 2016) requires that the writ be directed to the person in whose custody the petitioner is detained. Although a circuit court may have subject-matter jurisdiction to issue the writ, a court does not have personal jurisdiction to issue and make returnable before itself a writ of habeas corpus to release a petitioner held in another county. *Williams v. Kelley*, 2017 Ark. 198; *see also Mackey v. Lockhart*, 307 Ark. 321, 819 S.W.2d 702 (1991); *State Dep't of Pub. Welfare v. Lipe*, 257 Ark. 1015, 1017, 521 S.W.2d 526, 528 (1975) ("[T]he controlling question is the identity of the person in whose custody the prisoner is detained.").

Appeal dismissed.

HART, J., dissents.

**JOSEPHINE LINKER HART, Justice, dissenting.** Dismissing this case on jurisdictional grounds is error. The majority suggests that there is a want of personal jurisdiction in this case, a contention that is not supported by the record. When Mr. Noble filed his petition in Lee County, he was incarcerated in Lee County. The Lee County Circuit Court heard his case on the merits and denied his petition. When Mr. Noble filed his notice of appeal, he was likewise incarcerated in Lee County. Accordingly, at all time relevant to this appeal, the Lee County Circuit Court had personal jurisdiction over Mr. Noble.

Apparently, after Mr. Noble filed his notice of appeal, the Arkansas Department of Correction transferred Mr. Noble to the Wrightsville facility, which is located in Pulaski County. However, when Mr. Noble perfected his appeal, jurisdiction was established in this court. The Arkansas Supreme Court, of course, has statewide jurisdiction. Moreover, article 7, section 4, of the Arkansas Constitution gives this court full power to issue writs of habeas corpus, as does the Arkansas habeas statute, Arkansas Code Annotated § 16-112-102(a)(1) ( Repl. 2016). Accordingly, should this court decide that Mr. Noble's petition has merit, we have full authority to transfer the case to the circuit court in the county where he is currently incarcerated or even direct the Arkansas Department of Correction to release him.

It is frightening to think that if a citizen of this state is wrongly imprisoned, the Arkansas Department of Correction could avoid facing judicial intervention via the writ of habeas corpus simply by moving the petitioner to another county. This court should not condone, much less become an active participant in such a shell game.

I respectfully dissent.

*Willie James Noble*, pro se appellant.

*Leslie Rutledge*, Att'y Gen., by: *Valerie Glover Fortner*, Ass't Att'y Gen., for appellee.