Cite As 2019 Ark. 406

# SUPREME COURT OF ARKANSAS

No. CV-19-30

| | |
|---|---|
| KENNETH RAMIREZ<br>APPELLANT | **Opinion Delivered** December 19, 2019 |
| V. | PRO SE MOTION FOR EXTENSION OF TIME TO FILE BRIEF [PULASKI COUNTY CIRCUIT COURT, SIXTH DIVISION, NO. 60CV-18-381] |
| WENDY KELLEY, DIRECTOR, ARKANSAS DEPARTMENT OF CORRECTION<br>APPELLEE | APPEAL DISMISSED; MOTION MOOT. |

**COURTNEY RAE HUDSON, Associate Justice**

Appellant Kenneth Ramirez, who is currently incarcerated at a unit of the Arkansas Department of Correction located in Jefferson County, Arkansas, filed a pro se petition for writ of habeas corpus in the Pulaski County Circuit Court.[1] Ramirez filed his petition for writ of habeas corpus pursuant to Arkansas Code Annotated sections 16-112-101 to -123 (Repl. 2016). The circuit court denied the habeas petition, finding Ramirez failed to show that his conviction was invalid on its face or that the trial court lacked jurisdiction. Ramirez has lodged an appeal from the denial of relief and has now filed a motion seeking an extension of time to file the brief-in-chief.[2] We need not consider the merits of the motion

---

[1]When Ramirez filed his habeas petition, he was incarcerated in Pulaski County.

[2]The motion for extension of time to file brief acknowledged a change of address to the unit in Jefferson County.

because it is clear from the record that Ramirez cannot prevail on appeal. We dismiss the appeal, and Ramirez's motion is moot.

Any petition for writ of habeas corpus to effect the release of a prisoner is properly addressed to the circuit court in which the prisoner is held in custody, unless the petition is filed pursuant to Act 1780. *See* Ark. Code Ann. §§ 16-112-201 to -208 (Repl. 2016). Ramirez did not proceed under Act 1780. Although a circuit court may have subject-matter jurisdiction to issue the writ, a court does not have personal jurisdiction to issue and make returnable before itself a writ of habeas corpus to release a petitioner held in another county. *Noble v. State*, 2018 Ark. 2, 534 S.W.3d 717; *Williams v. Kelley*, 2017 Ark. 198. Arkansas Code Annotated section 16-112-105 requires that the writ be directed to the person in whose custody the petitioner is detained. Although Ramirez was incarcerated in Pulaski County when he filed the habeas petition, a writ of habeas corpus issued by the Pulaski County Circuit Court could not be returned there because he is no longer within its jurisdiction.

Appeal dismissed; motion moot.

HART, J., dissents.

**JOSEPHINE LINKER HART, Justice, dissenting.** I dissent. Ramirez's habeas corpus petition alleged an entirely cognizable claim: that he was convicted of an offense that did not exist at the time of the commission of the alleged crime; therefore, the trial court did not have authority to enter the judgment and commitment order. The circuit court dismissed Ramirez's petition, and he appealed to this court. However, after he filed his notice of appeal, Ramirez was transferred to a detention facility in another part of the state.

2

He has asked for additional time to file his brief, citing delays associated with the transfer as good cause. Instead, the majority dismisses his appeal without ever seeing his brief, concluding that his habeas claim is moot because he is now incarcerated in a different county from the one in which he originally filed his petition.

While it is true that Ark. Code Ann. §§ 16-112-101 to -123 contemplate that a habeas corpus petition should be directed to the county in which the petitioner is presently held and that Ramirez is no longer incarcerated in the county in which his petition was filed, this case represents a classic example of an issue that is capable of repetition yet evades review—an exception to the mootness doctrine. *See, e.g.*, *Kinchen v. Wilkins*, 367 Ark. 71, 238 S.W.3d 94 (2006). As I have noted,

> It is frightening to think that if a citizen of this state is wrongly imprisoned, the Arkansas Department of Correction could avoid facing judicial intervention via the writ of habeas corpus simply by moving the petitioner to another county. This court should not condone, much less become an active participant in such a shell game.

*Noble v. State*, 2018 Ark. 2, at 3, 534 S.W.3d 717, 718 (Hart, J., dissenting).

Instead of dismissing Ramirez's appeal as moot, we should grant his request for an extension of time to file his brief, and after briefing is complete, we should address the merits of his appeal from the circuit court's order. Accordingly, I dissent.