Cite as 2020 Ark. 52

# SUPREME COURT OF ARKANSAS

No. CV–19–639

|  |  |
|---|---|
| ANTHONY REED<br><br>APPELLANT<br><br>V.<br><br>W. STRAUGHN, WARDEN,<br>ARKANSAS DEPARTMENT OF<br>CORRECTION<br><br>APPELLEE | Opinion Delivered February 6, 2020<br><br>PRO SE APPEAL FROM THE<br>JEFFERSON COUNTY CIRCUIT<br>COURT [NO. 35CV-19-37]<br><br>HONORABLE JODI RAINES DENNIS,<br>JUDGE<br><br>APPEAL DISMISSED. |

**JOHN DAN KEMP, Chief Justice**

Appellant Anthony Reed appeals the circuit court's denial of his pro se petition for writ of habeas corpus filed pursuant to Arkansas Code Annotated sections 16-112-101 to –123 (Repl. 2016). Reed, who was incarcerated in Jefferson County when he filed his petition, lodged an appeal from its denial, and submitted his brief-in-chief, was later transferred to another prison facility and is currently incarcerated in Lincoln County.

Reed was found guilty in a jury trial of aggravated robbery, theft of property, felon in possession of a firearm, and two counts of second-degree battery. As a habitual offender, he was sentenced to an aggregate term of 900 months' imprisonment. The Arkansas Court of Appeals affirmed the convictions and sentences. *Reed v. State*, CACR 01-707 (Ark. App. Feb. 27, 2002) (unpublished).

Any petition for writ of habeas corpus to effect the release of a prisoner is properly addressed to the circuit court in which the prisoner is held in custody, unless the petition is filed pursuant to Act 1780. *See* Ark. Code Ann. §§ 16-112-201 to –208 (Repl. 2016).

Although a circuit court may have subject-matter jurisdiction to issue the writ, a court does not have personal jurisdiction to issue and make returnable before itself a writ of habeas corpus to release a petitioner held in another county. *Perry v. State*, 2018 Ark. 14, 535 S.W.3d 264; s*ee Mackey v. Lockhart*, 307 Ark. 321, 819 S.W.2d 702 (1991). Arkansas Code Annotated section 16-112-105 (Repl. 2016) requires that the writ be directed to the person in whose custody the petitioner is detained. *Id.* Accordingly, although Reed was incarcerated in Jefferson County when he filed the habeas petition and proceeded with this pending appeal, a writ of habeas corpus issued by the Jefferson County Circuit Court could not be returned because he is no longer within its jurisdiction.

Appeal dismissed.

HART, J., dissents.

**JOSEPHINE LINKER HART, Justice, dissenting.** I dissent for the reasons stated in *Ramirez v. Kelley*, 2019 Ark. 406, 591 S.W.3d 314 (Hart, J., dissenting). If habeas corpus proceedings can be disposed of so easily as moving the prisoner to a facility in another county, then the "great writ" has no teeth. "This court should not condone, much less become an active participant in, such a shell game." *Id.* at 3 (citing *Noble v. State*, 2018 Ark. 2, at 3, 534 S.W.3d 717, 718 (Hart, J., dissenting)).

*Anthony L. Reed*, pro se appellant.

*Leslie Rutledge*, Att'y Gen., by: *Adam Jackson*, Ass't Att'y Gen., for appellee.