Cite as 2020 Ark. 301

# SUPREME COURT OF ARKANSAS
### No. CR-18-495

| | |
|---|---|
| JACOB JEROME TAYLOR | **Opinion Delivered:** October 1, 2020 |
| APPELLANT | |
| | PRO SE APPEAL FROM THE PULASKI COUNTY CIRCUIT COURT, FOURTH DIVISION |
| V. | |
| | [NOS. 60CR-14-2964; 60CR-13-1620; 60CR-13-542; 60CR-12-418; 60CR-10-1092] |
| STATE OF ARKANSAS | |
| APPELLEE | |
| | HONORABLE HERBERT T. WRIGHT, JUDGE |
| | |
| | <u>AFFIRMED</u>. |

**ROBIN F. WYNNE, Associate Justice**

Appellant Jacob Jerome Taylor pleaded guilty to failure to report and the associated revocation in several felony cases and is serving an aggregate sentence of ninety-six months' imprisonment in the Arkansas Department of Correction. Taylor filed numerous pleadings with the trial court. The trial court entered an order denying relief on the pleadings, including a petition for writ of habeas corpus and petition for postconviction relief filed pursuant to Arkansas Rule of Criminal Procedure 37.1 (2017). Taylor now appeals the denial of habeas corpus and Rule 37.1 relief. We affirm.

## I. *Petition for Writ of Habeas Corpus*

Taylor filed a petition for writ of habeas corpus on November 17, 2017, in the Pulaski County Circuit Court contending that he was not in violation of a statutory

provision regarding conditions of his registered sex-offender status. The petition was signed by Taylor, indicating he was incarcerated in the Grimes Unit of the Arkansas Department of Correction. The trial court found that because Taylor was housed in a facility in Newport, Arkansas, which is located in Jackson County, Arkansas, the Pulaski County Circuit Court lacked authority to issue the writ of habeas corpus for a person not in custody within its jurisdiction. We agree.

Any petition for writ of habeas corpus to effect the release of a prisoner is properly addressed to the circuit court in which the prisoner is held in custody, unless the petition is filed pursuant to Act 1780. *See* Ark. Code Ann. §§ 16-112-201 to -208 (Repl. 2016). Although a circuit court may have subject-matter jurisdiction to issue the writ, a court does not have personal jurisdiction to issue and make returnable before itself a writ of habeas corpus to release a prisoner held in another county. *Reed v. Straughn*, 2020 Ark. 52; *see Mackey v. Lockhart*, 307 Ark. 321, 819 S.W.2d 702 (1991). Arkansas Code Annotated section 16-112-105 (Repl. 2015) requires that the writ be directed to the person in whose custody the petitioner is detained. *Reed*, 2020 Ark. 52. Accordingly, because Taylor did not file an Act 1780 habeas petition and was incarcerated in Jackson County when he filed the habeas petition, a writ of habeas corpus issued by the Pulaski County Circuit Court could not be returned because he was not within its jurisdiction.

## II. *Rule 37.1 Petition*

Taylor filed a Rule 37.1 petition in the trial court on January 9, 2018, alleging various claims of ineffective assistance of counsel; that his volunteer work at the church did

not violate the sex-offender-registration requirement; that he did not fail to register; that he seeks redress of grievances because the government cannot limit or prohibit his ability to volunteer at a church or his free exercise of religion or to peaceably assemble; and that although he pleaded guilty to forgery, he had the authority to write the check that was the basis of the forgery conviction. The trial court found that Taylor's petition was untimely because the "most recent guilty plea entered by the defendant in the above-styled cases was on June 28, 2016[,]" and Taylor "would have had to file a Rule 37 petition within 90 days of that date for the [c]ourt to consider it for that latest case." Because Taylor's Rule 37.1 petition was untimely, he is not entitled to relief.[1]

Rule 37.1 is one of the rules that provides an avenue for postconviction relief provided that the petition for relief is timely filed. *See Jackson v. State*, 2018 Ark. 209, 549 S.W.3d 346. Pursuant to Rule 37.2(c), when a conviction is obtained on a plea of guilty and no appeal is taken, a petitioner must file his or her Rule 37.1 petition in the appropriate court within ninety days of the date sentence was pronounced. *Millsap v. State*, 2018 Ark. 193. The time limitations imposed in Rule 37.2(c) are mandatory, and when a

---

[1]Taylor enlarges on and broadens the scope of his allegations contained in his Rule 37.1 petition, particularly with respect to his role with the "street ministry" and volunteering with the church. This court will not consider new material contained in the brief, nor do we consider factual substantiation added to bolster allegations made below. *Carroll v. State*, 2020 Ark. 160. An appellant is limited to the scope and nature of the claims raised below in a Rule 37.1 proceeding and cannot raise new arguments on appeal. *Roos v. State*, 2019 Ark. 360, 588 S.W.3d 738; *see also Reams v. State*, 2018 Ark. 324, 560 S.W.3d 441.

petition under Rule 37.1 is not timely filed, a trial court may not consider the merits of the petition and grant postconviction relief. *Reynolds v. State*, 2019 Ark. 144, 575 S.W.3d 869.

Taylor pleaded guilty in the underlying judgment—as well as the related revocations that were entered in August 2016—that he seeks to challenge in his Rule 37.1 petition.[2] Taylor filed his Rule 37.1 petition on January 9, 2018, which clearly was not within ninety days of the date judgment was pronounced in any of these criminal matters regardless of whether Taylor was attempting to challenge the grounds of his revocation or the original grounds of each conviction. Because Taylor did not file his petition within the time limit set by the Rule, he was not entitled to relief, and the trial court properly denied the Rule 37.1 petition.

Affirmed.

*Jacob Jerome Taylor*, pro se appellant.

*Leslie Rutledge*, Att'y Gen., by: *Michael L. Yarbrough*, Ass't Att'y Gen., for appellee.

---

[2]The original sentencing orders were entered on June 27, 2012, in case number 60CR-10-1092; on May 13, 2013, in case numbers 60CR-12-418 and 60CR-13-542; on June 4, 2013, in case number 60CR-13-1620; and on August 12, 2016, in case number 60CR-14-2964.