JOHN DAN KEMP, Chief Justice | Appellant Joe Perry, Jr., who is currently incarcerated at a unit of the Arkansas Department of Correction located in Jefferson County, filed a pro se petition for writ of habeas corpus in the Chicot County Circuit Court.[1] Perry filed his petition for writ of habeas corpus pursuant to Arkansas Code Annotated sections 16-112-101 to -123 (Repl. 2016). The circuit court denied the habeas petition, finding Perry’s petition contained no allegations that his judgment-and-commitment order imposed an illegal sentence or was invalid on its face, or that the trial court lacked jurisdiction. Perry has lodged an appeal from the denial of relief and has now filed a motion seeking to file a belated brief on appeal. We need not consider the merits of the motion because it is clear from the record that Perry cannot prevail on appeal. We dismiss the appeal, and Perry’s motion is moot. An appeal from an order that denied a petition for postconviction relief, including an appeal from an | gorder that denied a petition for a writ of habeas corpus, will not be permitted to go forward where it is clear that the appellant could not prevail. Williams v. Kelley, 2017 Ark. 198, 2017 WL 2378187. Any petition for writ of habeas corpus to effect the release of a prisoner is properly addressed to the circuit court in which the prisoner is held in custody, unless the petition is filed pursuant to Act 1780. See Ark. Code Ann. §§ 16-112-201 to -208 (Repl. 2016). Although a circuit court may have subject-matter jurisdiction to issue the writ, a court does not have personal jurisdiction to issue and make returnable before itself a writ of habeas corpus to release a petitioner held in another county. Williams, 2017 Ark. 198; see Mackey v. Lockhart, 307 Ark. 321, 819 S.W.2d 702 (1991). Arkansas Code Annotated section 16-112-105 (Repl. 2016) requires that the writ be directed to the person in whose custody the petitioner is detained. See State Dep’t of Pub. Welfare v. Lipe, 257 Ark. 1015, 1017, 521 S.W.2d 526, 528 (1975) (“[T]he controlling question is the identity of the person in whose custody the prisoner is detained.”). Perry did not invoke Act 1780. Accordingly, although Perry was incarcerated in Chicot County at the time he filed the habeas petition, a writ of habeas corpus issued by the Chicot County Circuit Court could not be returned, as he is no longer . within its jurisdiction.[2] Appeal dismissed; motion moot. Hart, J., dissents. . At the time Perry filed his habeas petition, he was incarcerated in Chicot County. . The circuit court denied relief in an order file-marked on April 3, 2017. At the time Perty filed his notice of appeal and request for transcript on May 1, 2017, Perry indicated he was incarcerated in Jefferson County.