JOHN DAN KEMP, Chief Justice
This is an appeal from the Lincoln County Circuit Court's denial of a pro se petition for a writ of habeas corpus filed under Act 1780 of 2001 Acts of Arkansas, as amended by Act 2250 of 2005 and codified as Arkansas Code Annotated sections 16-112-201 to -208 (Repl. 2016), and for a writ of audita querela. Appellant Jessie Hill's pro se petition sought postconviction relief in connection with his conviction for capital murder in Grant County. Pending before this court are Hill's pro se motions *854 for transcript, for extension of time to file brief, for rule-on-clerk clarification and belated-appeal clarification, and pro se petition for writ of mandamus.
An appeal of the denial of postconviction relief, including an appeal from an order denying a petition for writ of habeas corpus under Act 1780, will not be permitted to go forward when it is clear that the appellant could not prevail. Marshall v. State , 2017 Ark. 208, 521 S.W.3d 456. A writ of audita querela is indistinguishable from a writ of error coram nobis in that it permits a defendant in some instances to obtain relief based on allegations of newly discovered evidence following the rendition of a judgment. See Pitts v. State , 2016 Ark. 345, 501 S.W.3d 803 ; 7A C.J.S. Audita Querela § 2 (2016) (the difference between coram nobis and audita querela is largely one of timing, not substance). Hill's petition for audita querela is properly treated as one for a writ of error coram nobis. An appeal from the denial of coram nobis relief will similarly not be permitted to go forward when it is clearly without merit. Because it is clear from a review of the record that the circuit court did not have jurisdiction to address the claims for postconviction relief under either of the two interchangeable remedies, we dismiss the appeal, and Hill's multiple motions and his petition are therefore moot.
Hill is incarcerated in the Arkansas Department of Correction pursuant to a judgment entered on September 18, 1995, in Grant County, which reflects a conviction for capital murder for which he was sentenced to life without parole. This court affirmed the judgment. Hill v. State , 325 Ark. 419, 931 S.W.2d 64 (1996).[1] Hill subsequently filed two petitions in this court seeking permission to reinvest jurisdiction in the trial court to consider a petition for writ of error coram nobis with respect to his capital-murder conviction. Both petitions were denied. Hill v. State , 2017 Ark. 121, 516 S.W.3d 249, reh'g denied (May 4, 2017); Hill v. State , CR-96-270, 2008 WL 660322 (Ark. Mar. 13, 2008) (unpublished per curiam).
In the petition filed below, Hill argued that he was actually innocent and was entitled to habeas and audita querela relief based on a United States Supreme Court ruling in Bailey v. United States , 516 U.S. 137, 116 S.Ct. 501, 133 L.Ed.2d 472 (1995), which held that mere possession of a weapon is insufficient proof to sustain a conviction for use of a deadly weapon pursuant to a federal criminal statute applicable to drug trafficking. Hill alleged that the holding in Bailey represented a new constitutional rule that is retroactively applicable to his case and entitles him to scientific testing of items found at the crime scene, including a marble rolling pin, to establish that Hill did not actively "use" the rolling pin to murder the victim. Hill's reliance on Bailey is misplaced. Bailey construes the meaning of "use" in a federal criminal statute; it does not purport to be anything other than a statutory decision and does not represent a new rule of constitutional law. See Gray-Bey v. United States , 209 F.3d 986 (7th Cir. 2000). In any event, the circuit court denied Hill's petition based on the lack of jurisdiction to hear either claim.
*855 I. Petition for Writ of Habeas Corpus
A circuit court's decision on a petition for writ of habeas corpus will be upheld unless it is clearly erroneous. Lohbauer v. Kelley , 2018 Ark. 26. A decision is clearly erroneous when, although there is evidence to support it, the appellate court, after reviewing the entire evidence, is left with the definite and firm conviction that a mistake has been made. Id.
Any petition for writ of habeas corpus to effect the release of a prisoner is properly addressed to the circuit court in which the prisoner is held in custody, unless the petition is filed pursuant to Act 1780. Perry v. State , 2018 Ark. 14, 535 S.W.3d 264. A petition for a writ of habeas corpus alleging entitlement to new scientific testing must be addressed to the court that entered the conviction.[2] See Ark. Code Ann. § 16-112-201(a). The circuit court did not clearly err when it concluded that it did not have jurisdiction to address Hill's claim for habeas relief pursuant to Act 1780, as Hill's conviction was entered in Grant County and not in Lincoln County.
II. Petition for Writ of Error Coram Nobis
The standard of review for the denial of a petition for writ of error coram nobis is whether the trial court abused its discretion in granting or denying the writ. Ramirez v. State , 2018 Ark. 32, 536 S.W.3d 614. An abuse of discretion happens when the trial court acts arbitrarily or groundlessly. Id. The trial court's findings of fact on which it bases its decision to grant or deny the petition for writ of error coram nobis will not be reversed on appeal unless they are clearly erroneous or clearly against the preponderance of the evidence. Id. There is no abuse of discretion in the denial of error coram nobis relief when the claims in the petition are groundless. Id.
A petition for a writ of error coram nobis must also be addressed to the trial court where the conviction was entered, and the trial court cannot entertain a petition for writ of error coram nobis after a judgment has been affirmed on appeal unless this court grants permission. Carner v. State , 2018 Ark. 20, 535 S.W.3d 634. As set forth above, Hill's Grant County conviction for capital murder was affirmed on appeal by this court. The Lincoln County Circuit Court did not abuse its discretion when it found that it did not have the authority to address Hill's petition for audita querela , which is properly treated as a petition for writ of error coram nobis, as such petitions must be filed in the trial court if this court grants permission to do so.
Appeal dismissed; motions and petition moot.
Hart, J., dissents.
Josephine Linker Hart, Justice, dissenting.
Mr. Hill has not yet perfected his appeal, so this court's jurisdiction is limited to considering is the various motions that he has filed. Accordingly, while it is permissible for this court to dismiss Mr. Hill's appeal because he did not timely file his brief, it is most certainly not proper to dismiss his appeal on the merits and declare the motions "moot."
Further, the majority's rationale for deciding Mr. Hill's appeal on the merits-that it is clear he cannot prevail-is not beyond question. For example, the majority *856 affirms the circuit court's dismissal of Mr. Hill's petition for scientific testing under Act 1780, codified at Arkansas Code Annotated §§ 16-112-201 to -208 (Repl. 2006), approving the circuit court's finding that the Act required that Mr. Hill file his petition in the court in which he was convicted. However, that requirement is not one of subject-matter jurisdiction but of venue. Venue is merely an affirmative defense that must either be raised in a responsive pleading or it is deemed to be waived. Ark. Rule Civ. P. 12(b)(1). I have studied the record and can find no responsive pleading raising that affirmative defense. It appears that the circuit judge raised it on her own motion, which is improper.
It may be true that Mr. Hill has frequently petitioned for postconviction relief. However, ignoring Mr. Hill's motions to purportedly decide his appeal on the merits does not promote judicial economy. The majority has drafted a full, signed judicial opinion when our rules call for disposition of simple motions by docket entry. Justice demands that this court not disregard Mr. Hill's constitutional rights to due process and access to the courts.
I dissent.

Hill was subsequently convicted of first-degree murder pursuant to a judgment of conviction entered in Ouachita County and was sentenced as a habitual offender to 720 months' imprisonment to be served consecutively to the life sentence. No appeal was taken from the Ouachita County judgment, as Hill's pro se motion to file a belated appeal was denied. Hill v. State , CR-96-710, 1996 WL 651139 (Ark. Nov. 4, 1996) (unpublished per curiam).

Hill makes reference to Arkansas Code Annotated sections 16-112-103, 16-112-111, 16-123-118, and 16-112-122 in the context of his argument for the retroactive application of the Bailey decision and his entitlement to scientific testing. Hill did not allege that the trial court lacked subject-matter jurisdiction or that the judgment order imposed an illegal sentence that was invalid on its face. Perry , 2018 Ark. 14, 535 S.W.3d 264.