Cite as 2023 Ark. 170

# SUPREME COURT OF ARKANSAS

No. CV-23-424

| | |
|---|---|
| ZAYZHON THOMPSON<br><br>APPELLANT<br><br>V.<br><br>DEXTER PAYNE, DIRECTOR, ARKANSAS DEPARTMENT OF CORRECTION<br><br>APPELLEE | **Opinion Delivered:** November 30, 2023<br><br>PRO SE APPEAL FROM THE LINCOLN COUNTY CIRCUIT COURT; APPELLEE'S MOTION TO DISMISS APPEAL; PRO SE MOTION FOR DEFAULT JUDGMENT; PRO SE MOTION TO MAKE A RULING [NO. 40CV-23-13]<br><br>HONORABLE JODI RAINES DENNIS, JUDGE<br><br>APPEAL DISMISSED; PRO SE MOTION FOR DEFAULT JUDGMENT MOOT; PRO SE MOTION TO MAKE A RULING MOOT. |

**COURTNEY RAE HUDSON, Associate Justice**

Appellant Zayzhon Thompson appeals the dismissal of his petition for writ of habeas corpus filed pursuant to Arkansas Code Annotated section 16-112-101 (Repl. 2016). The circuit court dismissed Thompson's petition for the writ because he was incarcerated in Lincoln County when he initially filed his petition but was transferred to another unit before the court entered its order. Specifically, Thompson had been transferred to the Grimes Unit in Jackson County at the time the circuit court dismissed his petition on the basis of lack of personal jurisdiction. In lieu of filing a responsive brief, appellee has filed a motion to dismiss the appeal due to lack of jurisdiction or, in the alternative, a request for an extension of time to file its responsive brief. Thompson has filed a pro se motion for default judgment on the

basis of appellee's failure to timely file a response, and a pro se motion to make a ruling wherein he requests habeas relief. We grant the motion to dismiss, which renders Thompson's motion for default judgment and motion to make a ruling moot.

Any petition for writ of habeas corpus to effect the release of a prisoner is properly addressed to the circuit court located in the county where the prisoner is held in custody unless the petition is filed pursuant to Act 1780 of 2001, codified at Arkansas Code Annotated sections 16-112-201 to –208 (Repl. 2016). *Perry v. State*, 2018 Ark. 14, 535 S.W.3d 264. Although a circuit court may have subject–matter jurisdiction to issue the writ, a court does not have personal jurisdiction to issue and make returnable before itself a writ of habeas corpus to release a petitioner held in another county. *Id*. Arkansas Code Annotated section 16-112-105(b)(1) (Repl. 2016) requires that the writ be directed to the person in whose custody the petitioner is detained. *Id*. Accordingly, although Thompson was incarcerated in Lincoln County when he filed the habeas petition, a writ of habeas corpus issued by the Lincoln County Circuit Court could not be returned because he is no longer within its jurisdiction. *Id*.

Appeal dismissed; pro se motion for default judgment moot; pro se motion to make a ruling moot.

*Zayzhon Thompson*, pro se appellant.

*Tim Griffin*, Att'y Gen., by: *Jacob H. Jones*, Ass't Att'y Gen., for appellee.