Cite as 2025 Ark. 21

# SUPREME COURT OF ARKANSAS

No. CV–24–313

|  |  |  |
|---|---|---|
| CHARLES HAMNER | | **Opinion Delivered:** March 13, 2025 |
| | APPELLANT | |
| | | PRO SE APPEAL FROM THE IZARD COUNTY CIRCUIT COURT; PETITION FOR WRIT OF MANDAMUS [NO. 33CV-23-160] |
| V. | | |
| ARKANSAS DEPARTMENT OF CORRECTION; MICHELLE GRAY, WARDEN | | HONORABLE HOLLY MEYER, JUDGE |
| | APPELLEES | |
| | | <u>APPEAL DISMISSED: PETITION MOOT.</u> |

**SHAWN A. WOMACK, Associate Justice**

Appellant Charles Hamner appeals the denial and dismissal of his pro se petition for writ of habeas corpus filed pursuant to Arkansas Code Annotated section 16-112-101 (Repl. 2016). The petition was filed in Izard County, which is the county where Hamner was incarcerated when he filed his habeas petition. However, on September 9, 2024, Hamner notified this court that he had been transferred to the Pine Bluff Unit of the Arkansas Division of Correction in Jefferson County. In February 2025, Hamner filed a petition for writ of mandamus asking this court to rule on the habeas appeal and arguing the merits of the habeas petition. Because the appeal is dismissed, the petition for writ of mandamus is moot.

A petition for writ of habeas corpus to effect the release of a prisoner is properly addressed to the circuit court located in the county where the prisoner is held in custody unless the petition is filed pursuant to Act 1780 of 2001, codified at Arkansas Code

Annotated sections 16-112-201 to –208 (Repl. 2016).[1]  Although a circuit court may have subject-matter jurisdiction to issue the writ, a court does not have personal jurisdiction to issue and make returnable before itself a writ of habeas corpus to release a petitioner held in another county.[2]  Section 16-112-105(b)(1) requires that the writ be directed to the person in whose custody the petitioner is detained.[3]  Accordingly, although Hamner was incarcerated in Izard County when he filed the habeas petition, a writ of habeas corpus issued by the Izard County Circuit Court could not be returned because he is no longer within its jurisdiction.  For that reason, the appeal would be futile and is subject to dismissal.

Appeal dismissed; petition moot.

Special Justice CORY COX joins.

WEBB, J., concurs.

BRONNI, J., not participating.

*Charles Hamner*, pro se appellant.

*Tim Griffin*, Att'y Gen., by: *Brooke Jackson Gasaway*, Ass't Att'y Gen., for appellee.

---

[1] *Perry v. State*, 2018 Ark. 14, 535 S.W.3d 264.

[2] *Id.*

[3] *Id.*

2