Cite as 2025 Ark. 166

# SUPREME COURT OF ARKANSAS

**No.** CV–24–630

| | |
|---|---|
| GARY CRAWFORD<br><br>                                    APPELLANT<br><br>V.<br><br>DEXTER PAYNER, DIRECTOR,<br>ARKANSAS DIVISION OF<br>CORRECTION<br>                                    APPELLEE | **Opinion Delivered:** October 30, 2025<br><br>PRO SE APPEAL FROM THE<br>JEFFERSON COUNTY CIRCUIT<br>COURT; MOTION TO FILE<br>BELATED REPLY BRIEF; MOTION<br>FOR APPOINTMENT OF COUNSEL<br>[NO. 35CV-24-226]<br><br>HONORABLE JODI RAINES<br>DENNIS, JUDGE<br><br><u>APPEAL DISMISSED; MOTIONS<br>MOOT</u>. |

**BARBARA W. WEBB, Justice**

Appellant Gary Crawford appeals the denial and dismissal of his pro se petition for writ of habeas corpus filed pursuant to Arkansas Code Annotated sections 16-112-101 to –123 (Repl. 2016).  Crawford has filed a motion to file a belated reply brief and a motion for appointment of appellate counsel.

Crawford filed the habeas petition in Jefferson County, which is the county where Crawford was incarcerated when he filed his habeas petition and when he lodged this appeal.  However, on August 18, 2025, Crawford notified this court that he had been transferred to the Delta Regional Unit of the Arkansas Division of Correction located in Chicot County.

A petition for writ of habeas corpus to effect the release of a prisoner is properly addressed to the circuit court located in the county where the prisoner is held in custody unless the petition is filed pursuant to Act 1780 of 2001, codified at Arkansas Code

Annotated sections 16-112-201 to -208 (Repl. 2016). *Perry v. State*, 2018 Ark. 14, 535 S.W.3d 264. Although a circuit court may have subject-matter jurisdiction to issue the writ, a court does not have personal jurisdiction to issue and make returnable before itself a writ of habeas corpus to release a petitioner held in another county. *Id.* Section 16-112-105(b)(1) requires that the writ be directed to the person in whose custody the petitioner is detained. *Id.* Accordingly, although Crawford was incarcerated in Jefferson County when he filed the habeas petition and lodged the appeal, a writ of habeas corpus issued by the Jefferson County Circuit Court could not be returned there because he is no longer within its jurisdiction. For that reason, the appeal would be futile and is subject to dismissal. As the appeal is dismissed, the motions are moot.

Appeal dismissed; motions moot.

Special Justice JIM F. ANDREWS, JR. joins.

BRONNI, J., not participating.

*Gary Crawford*, pro se appellant.

*Tim Griffin*, Att'y Gen., by: *Brooke Jackson Gasaway*, Ass't Att'y Gen., for appellee.