Cite as 2025 Ark. 161

# SUPREME COURT OF ARKANSAS
**No.** CR–25–290

| | | |
|---|---|---|
| DANNY FERGUSON | | **Opinion Delivered:** October 30, 2025 |
| | APPELLANT | PRO SE APPEAL FROM THE DREW COUNTY CIRCUIT COURT [NO. 22CV-18-133] |
| V. | | |
| STATE OF ARKANSAS | | HONORABLE ROBERT B. GIBSON III, JUDGE |
| | APPELLEE | |
| | | AFFIRMED IN PART; DISMISSED IN PART. |

**COURTNEY RAE HUDSON, Associate Justice**

Danny Ferguson appeals the denial of his pro se petition for writ of habeas corpus. We find no merit in his appeal. For the reasons that follow, we affirm in part and dismiss in part.

In October 2018, Ferguson pleaded guilty to second-degree sexual assault in the Drew County Circuit Court and was sentenced to 120 months' imprisonment. In 2025, Ferguson filed a petition for writ of habeas corpus in the Drew County Circuit Court, contending that he was actually innocent of the offense, that the felony information in the case was defective, and that he was not afforded effective assistance of counsel when he entered the guilty plea. He invoked both Arkansas Code Annotated section 16-112-201 (Repl. 2016) and Arkansas Code Annotated section 16-112-101 (Repl. 2016).

## I. *Arkansas Code Annotated Section 16-112-201*

Arkansas Code Annotated sections 16-112-201 to –208 are the codification of Act 1780 of 2001, as amended by Act 2250 of 2005.[1] The statute provides that a circuit court can order the scientific testing of evidence under Act 1780 when the proposed testing of the specific evidence may produce new material evidence that would support the theory of defense and raise a reasonable probability that the petitioner did not commit the offense; that is, that the petitioner was actually innocent. Ark. Code Ann. § 16-112-202(8)(B); *Rayfield v. State*, 2020 Ark. 40, 592 S.W.3d 237. The mere assertion of innocence is insufficient. *See Martin v. State*, 2018 Ark. 176, 545 S.W.3d 763. A petition for scientific testing based merely on a sufficiency-of-the-evidence claim is not cognizable under Act 1780 because the Act does not afford a petitioner an opportunity to retry his case. *Rayfield*, 2020 Ark. 40, 592 S.W.3d 237; *see also McClinton v. State*, 2017 Ark. 360, 533 S.W.3d 578. When the scientific evidence was available at trial, the facts underlying the claim, if proved and viewed in light of the evidence as a whole, must be sufficient to establish by clear and convincing evidence that no reasonable fact-finder would find the petitioner guilty of the underlying offense. Ark. Code Ann. § 16-112-201(a); *Lewis v. State*, 2017 Ark. 144, 516 S.W.3d 718. We do not reverse a trial court's decision to deny a petition under Act 1780 unless it is clearly erroneous. *Wells v. State*, 2017 Ark. 88, 513 S.W.3d 834. A finding is clearly erroneous when, although there is evidence to support it, the appellate court, after

---

[1]Petitions for writs of habeas corpus seeking scientific testing of evidence are properly filed in the trial court under the docket number for the criminal judgment. Ark. Code Ann. § 16-112-201(a); *Mills v. State*, 2020 Ark. 193, 600 S.W.3d 539.

reviewing the entire evidence, is left with the definite and firm conviction that a mistake has been made. *Id.*

Here, Ferguson did not allege that there was any scientific testing of evidence that would support his claim of actual innocence. Instead, he argued in conclusory fashion that his guilty plea was involuntary because he was innocent of the offense, his counsel in the guilty-plea proceeding was ineffective, and the felony information was flawed. These allegations do not form a basis for relief under Act 1780.

Claims of a defective information that raise a jurisdictional issue, such as an illegal sentence, are cognizable in habeas proceedings if the claim is raised under section 16–112–101 in the court with jurisdiction of the habeas proceeding. *See Harkuf v. Kelley*, 2021 Ark. 107, 622 S.W.3d 638. However, general defective-information allegations are not within the purview of section 16–112–101 or -201. *Id.* Allegations of a defective information that do not establish the illegality of a judgment of conviction are not generally considered jurisdictional and are, accordingly, treated as trial error. *Anderson v. Kelley*, 2020 Ark. 197, 600 S.W.3d 544. Assertions of ineffective assistance of counsel must be raised in a timely petition pursuant to Arkansas Rule of Criminal Procedure 37.l. *Crawford v. Payne*, 2023 Ark. 80.

A petitioner seeking testing under Act 1780 must present a prima facie case that identity was an issue at trial. Ark. Code Ann. § 16–112–202(7); *Leach v. State*, 2019 Ark. 238, 580 S.W.3d 871. When a defendant enters a guilty plea, the guilty plea is the trial. *Leach*, 2019 Ark. 238, 580 S.W.3d 871. By entering his guilty plea, Ferguson admitted that he committed the offense; therefore, identity was not in question. *Id.* Accordingly, Ferguson

3

did not present a claim within the scope of Act 1780, and we affirm the circuit court's denial of Ferguson's habeas petition as to his claim under Act 1780.

## II. *Arkansas Code Annotated Section 16-112-101*

A petition for writ of habeas corpus pursuant to section 16-111-101 to effect the release of a prisoner is properly addressed to the circuit court located in the county where the prisoner is held in custody unless the petition is filed pursuant to Act 1780. *Perry v. State*, 2018 Ark. 14, 535 S.W.3d 264; *see also State Dep't of Pub. Welfare v. Lipe*, 257 Ark. 1015, 521 S.W.2d 526 (1975) (holding that the controlling question is the identity of the person in whose custody the prisoner is detained). Although a circuit court may have subject-matter jurisdiction to issue the writ, a court does not have personal jurisdiction to issue and make returnable before itself a writ of habeas corpus to release a petitioner held in another county. *Hamner v. Ark. Dep't of Corr.*, 2025 Ark. 21. Section 16-112-105(b)(1) requires that the writ be directed to the person in whose custody the petitioner is detained. *Id.*

Here, a writ of habeas corpus issued by the Drew County Circuit Court could not be returned there because Ferguson was in custody in Izard County at the North Central Unit of the Arkansas Division of Correction when he filed the habeas petition. Accordingly, he was not within the Drew County court's jurisdiction. We therefore dismiss this portion of Ferguson's appeal. *See Hamner*, *supra*.

Affirmed in part; dismissed in part.

*Danny Ferguson*, pro se appellant.

*Tim Griffin*, Att'y Gen., by: *Michael Zangari*, Ass't Att'y Gen., for appellee.

4